**TOMKO, Estate of, In re.**

Probate Court, Portage County.

No. 18183.   Decided June 6, 1956.

**OPINION**
By DIETRICH, J.

This matter involves an interpretation of §2117.07 R. C.

Eugene R. Tomko, a resident of this County, died on June 20th, 1953, and on July 8, 1953, George Tomko was appointed Administrator of his estate.   On November 26th, 1954, Roxie Hamblin, a resident of Hamilton County, filed a petition for authority to present a claim against the estate under §2117.07 R. C.   The pertinent parts of said petition are as follows:

"On or about the 8th day of December, 1951, the petitioner received serious bodily injury while a passenger on a bus in the City of Cincinnati, Hamilton County, Ohio, as a result of a collision between said bus and an automobile driven by Eugene R. Tomko, deceased.   Said collision was the result of the negligence of the said decedent and it resulted in damage to the petitioner in excess of $10,000.00.

"Petitioner was unaware of the death of the decedent and on or about October 1, 1953 she consulted her attorney relative to the

recovery of damages from the decedent. On or about October 10, her counsel communicated with the law firm of Davis, Farley, Bramkamp & Groneman, which law firm represented the decedent under the terms of decedent's insurance policy, in order to enter into negotiations for the settlement of said claim. At that time, said law firm acknowledged that it represented the decedent and indicated its willingness to negotiate a settlement, but did not indicate or advise of the death of its client.

"On or about November 12, 1953; the plaintiff, still unaware of the death of decedent, filed her petition in the Common Pleas Court of Hamilton County to recover damages for the aforementioned injuries. Thereafter, within the time allowed by law, the aforementioned attorneys for decedent entered an appearance in said cause by filing a motion to make the petition more definite and certain, which motion was argued to the Court and granted. The plaintiff thereupon filed her amended petition to conform to the aforementioned ruling of the Court. Thereafter, the aforementioned attorneys, representing the defendant, continued to prosecute the defense of this cause by negotiations and by taking the deposition of the plaintiff on or about February 11, 1954. Throughout this entire time, until approximately June 1, 1954, defendant's attorney continued to negotiate with petitioner's attorneys in regard to this claim without advising petitioner of the death of the defendant.

"On or about June 1, 1954, defendant's attorneys advised that the defendant was deceased and thereafter an administrator had been appointed by this Court on July 8, 1953 and moved the Common Pleas Court of Hamilton County to strike from the file the Motion to Make Definite and Certain previously filed and determined by the Court. At that time plaintiff filed her Second Amended Petition, naming the administrator herein, George Tomko, and procured service thereon on June 21, 1954.

"Defendant's attorneys thereafter filed a motion to quash service on said administrator for the reason that said claim was not filed within the time allowed under §2117.07 R. C. This motion to quash is now pending before the Common Pleas Court of Hamilton County. Hearing has been had thereon and the decision is now being awaited.

"Your petitioner further represents that the actions of the aforementioned attorneys for decedent have suspended the operation of the aforementioned statute from October 10, 1953 until the present and that the filing of the petition herein on November 12, 1953 has suspended the operation of said statute since that date.

"Wherefore, your petitioner requests authority to file her claim against the administrator of the Estate of Eugene R. Tomko."

The matter came on to be heard and the petitioner offered evidence to prove the facts set forth above. Counsel for the administrator demurred to the introduction of any evidence on the ground that under §2117.07 R. C., no action could be maintained on the claim because it had not been filed within nine months of the date of the appointment of the administrator.

The pertinent parts of §2117.07 R. C., are as follows:

"Any one having a claim against an estate who fails to present his claim to the executor or administrator within the time prescribed by law (four months, §2117.06 R. C.) may file a petition in the probate court for authority to present his claim after the expiration of such time. Such petition forthwith shall be assigned for hearing and at least five days before the date of the hearing the claimant shall give written notice thereof to the executor or administrator and to such other parties as the court may designate. The court may authorize such claimant to present his claim to the executor or administrator if, on the hearing, the court finds as follows:

"(A) That the claimant did not have actual notice of the decedent's death or of the appointment of the executor or administrator in sufficient time to present his claim within the period prescribed by §2117.06 R. C.;

"(B) That the claimant's failure to present his claim was due to the absence of the executor or administrator from his usual place of residence or business during a substantial part of such period or was due to any wrongful act or statement on the part of the executor or administrator or his attorney;

"(C) That the claimant was subject to any legal disability during such period or any part thereof.

"**A claim which is not presented within nine months from the appointment of the executor or administrator shall be forever barred as to all parties, including devisees, legatees, and distributees and no payment shall be made or any action maintained thereon,** except as otherwise provided in §§2117.37 to 2117.42, inclusive, **R. C.,** with reference to contingent claims."

No claim is made by the petitioner that her claim was a contingent one and that it would be an exception as specified by §§2117.37 to 2117.42 R. C. We have, therefore, the clear-cut question as to whether the facts stated in the petition could constitute an exception to the nine months provision of §2117.07 R. C.

Although the Court finds no reported case where this exact question was presented; there are many decisions which lay down the following principles regarding statutes of this type. Sec. 2117.07 R. C., and the other statutes of limitation in the Probate Code were placed there to facilitate the prompt administration of estates and the determination of matters having to do with wills. As such, these statutes are mandatory and must be complied with unless an exception is provided by the language of the statute itself.

Thus in **Burlovic v. Farmer, 96 Oh Ap 403,** the Court considered §2131.03 R. C., which provides that any antenuptial or separation agreement shall be considered valid unless an action to set it aside is begun within six months after the appointment of the executor or administrator. The Court considered the various statutes of limitation included in the Probate Code naming specifically §2117.07 R. C. (page 414), and held that there could be no exception to the running of the statute, even in the case of an infant, since none was provided by statute itself.

Said the Court in following a previous case of **Favorite v. Booher's Admr., 17 Oh St 548:**

"The general rule in regard to the application of statutes of limitation is, that all persons, whether under disability or not are barred by them, unless excepted from their operation by a saving clause. General words of a statute are to receive a general construction, and unless there is found in the statute itself some ground for restraining it, it cannot be restrained.

"The holding in that case has never been overruled by the Supreme Court and was followed by Washburn, J., of the Ninth District Court of Appeals in the case of **Breen, Admrx. v. Conn et al, Exr., 64 Oh Ap 325.**"

The **Burlovic v. Farmer** case was passed upon by the Supreme Court, 162 Oh St 46. In affirming the Court of Appeals the Supreme Court expressed the same conclusions: that the very legislative setting of the statute in question negatives the idea that the limitation therein contained does not have universal application; that the General Assembly in enacting the Probate Code and in making exceptions therein did so in clear, specific and unambiguous language thereby negativing any suggestion of exceptions by implication; and that statutes of limitation apply to constitute a bar against all persons indifferently unless such operation is excepted by an express saving clause.

Likewise it has been held repeatedly that §2741.09 R. C., which provides that an action to contest a will must be filed within six months after it has been admitted to probate has no exceptions except those embodied in the statute itself and unless complied with there is no cause of action. **Case v. Smith, Admrx., 142 Oh St 95; Peters v. Moore, 154 Oh St 177; Gravier v. Gluth, 163 Oh St 232.** In Burlovic v. Farmer, supra, Hart, J., states that even fraud, such as a discovery that a will was a forgery, would make no exception to the running of the statute, since there was no such provision in the statute itself.

Applying this principle to the statute under consideration, it is significant that in the first part of the section which deals with the filing of a petition for the allowance of a claim after four months, three exceptions are provided including (B) "that the claimant's failure to present his claim was due—to any wrongful act or statement on the part of the executor or administrator or his attorney."

But the following paragraph dealing with the nine months provision has no exceptions except those dealing with contingent claims. This would indicate clearly that the legislature intended none. The paragraph declares with utmost finality that after nine months "no payment shall be made nor action maintained" on a claim.

Clearly, this statute falls into the same class as those considered in the cases cited above and the conclusion is inescapable that the facts stated in the petition would not constitute an exception to the running of the nine months provision of §2117.17 R. C., and do not state a cause of action.

There is one further principle involved in this matter. The Petition outlines a series of negotiations between the Petitioner and counsel for an insurance company. The acts complained of are those of attor-

neys for the insurance company. There is no allegation that the administrator nor any attorney under his direction or control made any statements that could have misled the Petitioner.

The case of **Estate of Erbaugh, 73 Oh Ap 533,** was an action where a Petition was filed under this same §2117.07 R. C. (then §1050-134 GC) with facts quite similar to the case at bar. In that case according to the report: "The petition sets out at length the relation of the insurance company to the claims of the appellees; the presentation of such claims to the company and the negotiations between the appellees and the company.

"The first error assigned is the admission of any testimony respecting the transactions between the insurance company and the appellees."

After considering this evidence Hornbeck, J., states, "The court erred in admitting this testimony."

In view of the foregoing authorities the Court concludes that the demurrer should be sustained. Counsel will file a Journal Entry accordingly, noting proper exceptions.