SIMMONS, Plaintiff, v. BARTLEY, Admr., Defendant.

Common Pleas Court, Franklin County.

No. 198187.    Decided March 2, 1960.

*Messrs. Jenkins, Williams, Wendt, Murray & Deeg,* for plaintiff.
*Messrs. Dresbach, Crabbe, Newlon, Collopy & Bilger,* for defendant.

LEACH, J.   This case is before the court on the demurrer of the defendant to plaintiff's second amended petition on the basis of the assertion that it appears on the face of such peti-

tion that plaintiff has failed to file a claim with the defendant administrator as prescribed by statute, and that such petition therefore does not state a cause of action.

This is a suit for personal injuries which the plaintiff allegedly sustained on April 21, 1957, in an automobile collision in which the decedent allegedly drove through a stop sign at a high rate of speed and struck the car in which the plaintiff was a passenger. As to the matter of the presentment of such claim to the administrator, the petition under consideration alleges that the administrator was appointed as such on or about May 1, 1957. All other allegations of such petition relating to this subject matter are contained in the following two paragraphs thereof:

"Plaintiff further states that on or about May 4, 1957, notice of her claim against the Estate of Clyde Bartley, deceased, was given in writing to Don L. Bartley, Administrator of the Estate of Clyde Bartley, deceased, by letter addressed to his lawful agent, Nationwide Insurance Company at 246 North High Street, Columbus, Ohio, c/o Emerson Lee Taylor and Lee J. Travers, his attorneys, and also by filing her Petition for damages as a result of the foregoing accident, in the Common Pleas Court of Franklin County, Ohio, on June 4, 1957, and causing summons to be issued thereon, together with a copy of said Petition, containing her address, on said Administrator. Plaintiff further states that said claim was neither accepted nor rejected by said Administrator within thirty (30) days of the giving of said notice of said claim, nor at any time thereafter.

"Plaintiff further states that her action is one for the recovery of a claim that would not be affected by the insolvency of the Estate of Clyde Bartley, deceased, for the reason that the Nationwide Mutual Insurance Company carried a policy of automobile bodily injury insurance on the Plymouth automobile being operated by the decedent, Clyde Bartley, as aforesaid, said policy being in full force and effect on the 21st day of April, 1957, which policy provided among other things, that the bankruptcy or insolvency of the insured or of the insured's Estate should not relieve said Nationwile Mutual Insurance Company of any of its obligations thereunder."

Section 2117.06, Revised Code, reads in part as follows:

"All creditors having claims against an estate shall present their claims to the executor or administrator in writing, including claims arising out of contract, out of tort, on cognovit notes, or on judgments, whether due or not due, secured or unsecured, liquidated or unliquidated. All claims shall be presented within four months after the date of the appointment of the executor or administrator. * * *"

Section 2117.07, Revised Code, reads in part as follows:

"Anyone having a claim against an estate who fails to present his claim to the executor or administrator within the time prescribed by law may file a petition in the probate court for authority to present his claim after the expiration of such time. Such petition forthwith shall be assigned for hearing and at least five days before the date of the hearing the claimant shall give written notice thereof to the executor or administrator and to such other parties as the court may designate. The court may authorize such claimant to present his claim to the executor or administrator if, on the hearing, the court finds as follows:

"(A) That the claimant did not have actual notice of the decedent's death or of the appointment of the executor or administrator in sufficient time to present his claim within the period prescribed by Section 2117.06, Revised Code;

"(B) That the claimant's failure to present his claim was due to the absence of the executor or administrator from his usual place of residence or business during a substantial part of such period or was due to any wrongful act or statement on the part of the executor or administrator or his attorney;

"(C) That the claimant was subject to any legal disability during such period or any part thereof.

"A claim which is not presented within nine months from the appointment of the executor or administrator shall be forever barred as to all parties, including devisees, legatees, and distributees and no payment shall be made nor any action maintained thereon, except as otherwise provided is Sections 2117.37 to 2117.42, inclusive, Revised Code, with reference to contingent claims.

"* * *"

Section 2117.30, Revised Code, reads in part as follows:
"No suit shall be brought against an executor or administrator by a creditor of the decedent or by any other party interested in the estate until after nine months from the time of the appointment of such executor or administrator or the expiration of the further time allowed by the probate court for the collection of the assets of the estate, except in the following cases:

"(A) On claims rejected in whole or in part;

"(B) For the enforcement of a lien against or involving title to specific property;

"(C) For the recovery of a claim that would not be affected by the insolvency of the estate;

"(D) On account of fraud, conversion, or concealment of assets;

"(E) Any other action as to which a different rule is prescribed by statute:

"(* * *)"

Basically two questions are presented herein:

(1) Does the notice of claim given in writing to Nationwide Insurance Company on May 4, 1957, constitute compliance with the provisions of Section 2117.06, Revised Code, which requires creditors to "present their claims to the executor or administrator in writing," and (2) Does the institution of this suit on June 4, 1957, and causing summons to be issued on the administrator, together with a copy of the original petition, (a) constitute a compliance with the provision of Section 2117.06, Revised Code, as a presentment of the claim to the administrator, or (b) make it unnecessary that any such presentment be made.

We first will discuss the issue of whether a presentment of the claim in writing to the insurance company constitutes a presentment to the administrator within the purview of Section 2117.06, Revised Code. As to this question, plaintiff relies principally upon the case of *In re Estate of Howe*, 107 Ohio App., 361. In the *Howe case*, decided by the Court of Appeals for Stark County, Judge Putnam, after making reference to the case of the *In re Estate of Basmajian*, 142 Ohio St., 483 (which held that where a provision in a policy of indemnity insurance

reserved to the insurer the right to allow, defend or settle all claims within the limits of the policy, such provision was binding on an administrator and such administrator was obligated to permit such insurer to exercise its judgment and to determine the disposition to be made of any such asserted claims) stated:

"In such a case, surely as a matter of law, the insurance company is the agent of the administrator as far as matters concerning the claim is concerned, where there is an ultimate liability on the insurance company. Under the facts in the instant case, as developed by the testimony and arguments and briefs of counsel, there can be no doubt that the insurance company had an ultimate liability and that it was the agent of the administrator in the presentation and the rejection of claims and that the administrator was bound by the acts and statements of its adjuster who was the agent of the administrator."

While some of the language contained in this opinion seemingly would support the broad assertion made herein, a careful examination of that case reveals that actually the question there under consideration was whether the *Probate Court* had abused its discretion in refusing to permit a presentment to the administrator after the four month period provided by Section 2117.06, Revised Code, but within the nine month period provided by Section 2117.07, Revised Code. Specifically, the question under consideration was whether the act of an insurance agent in misleading the injured party as to the date of death of the insured would fall within the scope of paragraph (B) of Section 2117.07, Revised Code which permitted the Probate Court to authorize a claimant to present his claim after the four month period where his failure to present his claim was "due to any wrongful act or statement on the part of the executor or administrator *or his attorney.*" As we read and understand this decision, it was predicated in large part on the rationale that, under the *Basmajian case*, the insurance agent, in effect, was an attorney in fact and thus an "attorney" within the purview of paragraph (B) of Section 2117.07, Revised Code.

The question of whether notice to the insurance company would constitute a presentment within the scope of Section 2117.06, Revised Code, which makes no reference to the attorney of the administrator, was not discussed or considered. As a

matter of fact, it would seem that if such had constituted a presentment within the purview of Section 2117.06, Revised Code, there would have been no necessity of seeking the permission of the Probate Court to present the claim after the four month period directly to the administrator.

We recognize that one of the headnotes of the opinion makes reference to that portion of paragraph (B) of Section 2117.07, Revised Code, omitting the words "or his attorney," but when it is remembered that these headnotes are not prepared by the Court and when the actual language of the opinion is carefully considered, we necessarily come to the conclusion stated above.

Furthermore, the *Howe case* contains the following language:

"It is also argued by the appellee that there was no duty on the administrator to notify the claimant of the death of his decedent. This is true. If the statement of the adjusted had only gone to the fact of death, there would be no argument. However, where the adjuster went beyond that fact and then deliberately stated a fact which he must have known not to be true, that the death occurred only three or four weeks before the middle of December or thereabouts, the conclusion is inescapable that he did so with the intent to deceive and to lull the claimant into repose, while holding out the hope of a favorable settlement. * * *"

In the instant case, of course, there is no claim of any misrepresentation on the part either of the administrator or of the insurance company.

Defendant, on the other hand, relies principally upon *Beacon Mutual Indemnity Company* v. *Spalder,* 95 Ohio App., 441. In that case the issue of whether a presentment or notice in writing to the insurance company complied with the requirements of Section 2117.06, Revised Code, was squarely presented and decided. While accepting the assertion that the insurance company was an agent of the administrator, the Court held that a presentment to the agent instead of to the administrator in his fiduciary capacity as an officer of the Probate Court was not compliance with the statutory requirement.

While the *Beacon Mutual case* does not discuss the *Basmajian case,* the acceptance by the court therein of the principle

that the Insurance company was the agent of the administrator and the conclusion therein that in spite of such fact, compliance had not been had with the provisions of Section 2117.06, Revised Code, is a clear indication that the *Basmajian case* is not inconsistent therewith.

To our knowledge the *Beacon Mutual case* is the only case in which this question was squarely presented and decided. Thus, at the present time at least, it represents the only case law in Ohio on this subject matter. This being true, unless it is clearly erroneous, and in our opinion it is not, it should be followed.

But, plaintiff asserts in effect, since, under the *Basmajian case* the administrator, as a practical matter, would have no authority to either accept or reject any claim made to him of this nature, that such a presentment would be of no actual benefit and thus, in effect, constitute the doing of a vain act. In the *Basmajian case* itself, however, it is stated in the opinion at page 489:

"While it was necessary to present to the administrator of the assured any claim for personal injury or property damage growing out of the collision, such administrator was bound to comply with the terms of the policy or the injured party was barred from recovery thereunder."

In view of this language it would not seem that the *Basmajian case* could stand for any principle that no presentment of a tort claim is necessary to the administrator where potential liability is covered by insurance. To the contrary, it was recognized that such a presentment was necessary.

In support of the assertion that the presentment directly to the administrator instead of to the insurance company would be the doing of an idle or vain thing, reference is made to the case of *McAdams* v. *Bolsinger*, 71 Ohio Law Abs., 531. This case, in our opinion, is completely distinguishable, holding in effect that a mortgagee had title to the real estate as to which the decedent was the mortgagor and that upon the payment by the administrator of the balance due and only then would the heirs obtain complete title thereto. Thus, it was held that even though the statutes did not relieve the mortgagee from the requirement to present its claim to the administrator, the conclusion of the court made such question immaterial.

This case, in our opinion, is also completely distinguishable from the case of *Gerhold* v. *Papathanasion*, 130 Ohio St., 342, referred to in the *McAdams case.*

While not directly in point on the first issue here presented, reference should be made to the cases of *In re Estate of Erbaugh*, 73 Ohio App., 533 and *Estate of Tomko*, 77 Ohio Law Abs., 313. The *Erbaugh case* involved an appeal from the action of a Probate Court authorizing the presentment of a claim after the four month period had expired. Among other issues in the case, it was claimed and there was testimony that a claim had been presented to the insurance company within the four months and the prayer of the petition was that "if the pleaded facts do not constitute a due presentation of petitioner's claim against the estate of the decedent, or a waiver thereof" that the court grant permission to present such claim. While the action of the Probate Court in granting such permission was upheld on other grounds, it is interesting to note that Judge Hornbeck in his opinion held that the Probate Court should not have admitted claimant's testimony relating to transactions with the insurance company concerning the claim. If, as would seem to be true from the petition and the prayer, the question of whether authority should be given to file a late claim would be academic if the claim made with the insurance company constituted a proper filing, it would seem that both the Probate Court and the Court of Appeals were wasting their time in deciding on the second issue.

The *Tomko case* involved a situation somewhat similar to that involved in the *Howe case* except that in the *Howe case* application had been made to the Probate Court between the four month period and the nine month period, whereas, in the *Tomko case* application was made after the expiration of the nine month period and thus the language of Section 2117.07, Revised Code, that a claim which is not presented within nine months from the appointment of the administrator "shall be forever barred" was applicable.

For the reasons heretofore stated, we conclude that the notice in writing given by counsel for the plaintiff to Nationwide Insurance Company on May 4, 1957, does not constitute a presentment of a claim "to the * * * administrator in writing" within the purview of Section 2117.06, Revised Code.

We turn now to the issue of whether the filing of the original petition herein on June 4, 1957, well within the four month period, obviates the necessity of presenting a claim in writing to the administrator prior to the filing thereof. This, in our opinion, presents the most complex issue.

In *Beach* v. *Mizner*, 131 Ohio St., 481, it was held that Sections 10509-112 and 10509-134, General Code (now Sections 2117.06 and 2117.07, Revised Code), must be construed together; that these sections are statutes of limitation (or non-claim statutes) which bar creditors' claims unless presented to an executor or administrator within four months after the date of appointment, except that a barred claim may be reinstated and presented to an executor or administrator on leave first obtained from the Probate Court in the manner provided by Section 10509-134, General Code.

This holding was approved in *Prudential Insurance Company* v. *The Joyce Building Realty Company*, 143 Ohio St., 564, and it was further held that these provisions are mandatory and may not be waived by the administrator or executor. See also *State, ex rel., Fulton* v. *Coburn*, 133 Ohio St., 192, in which the *Beach case* was cited and approved, and *Pierce* v. *Johnson*, 136 Ohio St., 95, wherein such requirement was held applicable to an unliquidated claim for damages arising out of tort.

Many cases have held that a petition is subject to demurrer if it does not contain an allegation that a presentment had been made as required by Section 2117.06, Revised Code, or after authorization from the Probate Court under the provisions of Section 2117.07, Revised Code. See *Breen* v. *Conn*, 64 Ohio App., 325; *Robinson* v. *Engle*, 96 Ohio App., 238; *In re Estate of Sarver*, 97 Ohio App., 199.

None of these cases, however, involved a factual situation where, without prior presentment to the administrator, a case was filed *within* the four month period of time authorized for presentment.

In cases out of Ohio, it appears that the majority rule is to the effect that the institution of a suit against an executor or administrator is generally considered a sufficient presentation of the claim of the plaintiff to take it out of a statute of non-claim, especially where a copy of a verified complaint con-

taining substantially all the averments required in a regularly presented claim, is served on the administrator. 21 Am. Jur., 577; 34 C. J. S., 159.

In *Benson* v. *Rosine*, 76 Ohio App., 439, it was held that the filing of a cross-petition for a money judgment in an action by an administrator is not the presentation of the asserted claim to the administrator, as required by statute, even if it is filed within the four months of the appointment of the administrator. It was held, however, that the cross-petition was proper as a cross-demand, pleaded as a defense to the extent it may be deemed to off-set the claim sued upon by the estate, even though it had not been presented to the administrator for allowance.

The *Benson case* contains no extended discussion of this subject matter, merely stating that to consider the cross-petition, having been filed within the four months of the appointment, as a presentment to the administrator would be to put the ''cart before the horse,'' and that the presentment of the claim and its rejection are ''conditions precedent'' to the bringing of the action.

A more extended discussion of this same subject matter is contained in the case of *Parrish* v. *McKee*, 73 Ohio Law Abs., 65. In this case the accident happened on May 28, 1953, and the decedent died on November 1, 1953. On May 24, 1955, an administrator was appointed and the plaintiffs, fearing that the two-year statute of limitations might be construed to run against their cause of action, on May 25, 1955, without waiting to present their claims to the administrator, filed their petition for damages and caused summons to issue. In holding that this could not be done, Judge Sharp, of the Columbiana County Common Pleas Court, placed principal reliance on Section 2117.30, Revised Code, quoted earlier in this opinion, which provides, with certain exceptions not possibly applicable to the *Parrish case*, that no suit shall be brought against an administrator by a creditor until *after* nine months from the time of the appointment of such administrator.

We are in full agreement with the rationale of the *Parrish case* to the effect that the plain and unambiguous provisions of Section 2117.30, Revised Code, with certain exceptions, prohibit a suit against an executor or administrator by a creditor

until after nine months from the time of the appointment of such executor or administrator.

In our opinion, the key question presented in this case is whether any of these exceptions are applicable herein. Obviously, paragraph (A) is not applicable, the claim never having been rejected in whole or in part. Nor are paragraph (B), (D) or (E) applicable. Paragraph (C), however, excepts from the prior language actions "For the recovery of a claim that would not be affected by the insolvency of the estate."

The petition herein specifically alleges that the action is one for the recovery of a claim that would not be affected by the insolvency of the estate, for the reason that the Nationwide Mutual Insurance Company carried a policy of automobile insurance which policy provided, among other things, that the bankruptcy or insolvency of the insured or of the insured's estate should not relieve said Nationwide Mutual Insurance Company of any of its obligations thereunder.

When the cases heretofore referred to, holding in general language, that the presentation of a claim to the executor or administrator is a "condition precedent" to the filing of a law suit, are re-examined, we find no reference to Section 2117.30, Revised Code. This, of course, is easily explained by the fact that in the fact patterns there involved, it was not applicable. However, in a case of this nature, where in our opinion plaintiff has pleaded facts which bring it within the scope of the exception contained in paragraph (C), and where by the specific language of the statute, the prohibition against bringing suits against the administrator *within* the nine months is not applicable because of such exception, can we by implication extend the "condition precedent" language of these other cases into such a fact pattern? In our opinion, we cannot.

When the language of Sections 2117.06, 2117.07 and 2117.30, Revised Code, is compared and the *literal* language applied, it will be noted there is no *specific* prohibition against the bringing of such an action *within* the nine-month period of time from the date of appointment of the administrator. To formulate an implied prohibition from the language of Sections 2117.06 and 2117.07, Revised Code, which by their terms deal specifically with the presentation of claims within the four-month period,

within the nine-month period with authorization of the Probate Court, and with the prohibition of payment from the estate of claims not presented, would be to ignore the language of Section 2117.30, Revised Code. To say that no suit shall be brought against an executor or administrator by a creditor until after nine months from the time of the appointment "except in the following cases" is to say that "in the following cases" such suit may be brought within such *nine months.*

While this appears to be a matter of first impression in Ohio, so far as we have been able to discover, we conclude that we can come to no other conclusion based upon the *literal* language actually employed in such statutes.

Basically, statutes of this nature are designed to accomplish a twofold purpose. First, they permit a speedy disposition of the administration of the estate. This purpose, of course, is served just as well by the filing of a law suit as by the presentation of a claim. Second, they permit the administrator to avoid the expense and time of a law suit against the estate by recognizing and allowing such claim. The second purpose, of course, is completely thwarted where the administrator as a practical matter must delegate any responsibility in this regard to the insurance company. While we, of course, cannot say that the General Assembly in the enactment of all of these statutes and particularly paragraph (C) of Section 2117.30, Revised Code, had all of these problems in mind, we do conclude that the literal language employed in paragraph (C) has the effect of accomplishing such purpose.

When the interpretation of Section 2117.30, Revised Code, as stated above, is coupled with the proposition that as a practical matter, under the *Basmajian case,* the administrator has little to do by way of actual allowance or disallowance of such tort claim in the presence of such an insurance policy, and with the general majority opinion expressed outside of Ohio, to the effect that the filing of a law suit within the time provided for the presentation of claims to an administrator is generally considered as a substantial compliance with such requirement, we are led to the conclusion that the petition herein does state a cause of action against the defendant.

Further complex problems may be presented at the time

of trial as to whether such is an issue to be tried solely by the Court in the absence of the jury, with no reference to insurance being permitted to go to the jury, or whether such might present a jury issue, but these matters, of course, are not before us.

The demurrer of defendant to the second amended petition is overruled. Entry may be prepared accordingly, reserving exceptions.