WILCOX, PLAINTIFF, *v.* CESCHIAT, ADMRX., DEFENDANT.

Common Pleas Court, Franklin County.

No. 206301.   Decided March 2, 1960.

*Mr. George Ruble, Jr.,* and *Mr. Gordon E. Williams,* for plaintiff.

*Messrs. Lane, Huggard & Alton* and *Mr. Dario E. DiPietro,* for defendant.

LEACH, J.   This case is before the Court on the motions of the defendant to strike from plaintiff's petition.   While eighteen branches have been filed, the total effect thereof is to ask the

Court to order stricken practically all of the language contained in pages 3 and 4 of the petition. This language is as follows:

"Plaintiff states that on May 5, 1958, the defendant's decedent, Fred Ceschiat, carried a policy of automobile liability and property damage insurance insuring the 1957 Ford Station Wagon being operated by him at the time of the accident heretofore described, said policy having been issued by the Shelby Mutual Insurance Company of Shelby, Ohio; that by the terms of said policy the Shelby Mutual Insurance Company, among other things, obligated itself to pay on behalf of its insured, said Fred Ceschiat, all sums which said insured shall become legally obligated to pay as damages because of bodily injury or property damage sustained by any person caused by accident and arising out of the ownership, maintenance or use of the insured automobile, and that said policy of insurance further provided that the Shelby Mutual Insurance Company reserved the sole and exclusive right to allow, defend or settle all claims within the limits of the coverage provided by said policy, growing out of or resulting from an accident covered by said policy.

"Plaintiff further states that within a few days following said accident, one Thomas E. Hicks, an adjuster employee of the local claim department of the Shelby Mutual Insurance Company, with offices at 1337 West Fifth Avenue, Columbus, Ohio, called upon the plaintiff; that at that time and upon other occasions, the said Hicks stated to the plaintiff that the accident was the fault of their insured, Fred Ceschiat, and that a settlement would be effected with him as soon as the nature and extent of his injuries and damages had been determined; that thereafter the said Hicks called upon the plaintiff at regular and frequent intervals, requesting information to assist him in assessing the value of plaintiff's claim.

"Plaintiff further states that shortly after August 31, 1958, the exact date being unknown, the said Hicks again called upon the plaintiff; that on this particular occasion, the plaintiff informed the said Hicks that he had seen in the paper that said Fred Ceschiat had died; that the said Hicks then informed the plaintiff, Frank M. Wilcox, that he had two years from the date of the accident in which to bring legal action thereon and

that it would not be necessary for the plaintiff to employ an attorney or seek legal counsel and assistance to protect his interests, stating that if the plaintiff employed an attorney, he, the plaintiff, would have to give the attorney a 'big slice of it.'

"Plaintiff further states that he is an elderly man of limited education and unfamiliar with insurance and business matters; that he relied upon the statements and representations of said Hicks and by reason of said statements and representations, he was ordered not to and prevented from seeking legal advice and counsel and from employing an attorney, whereby he was prevented from presenting his claim for allowance or rejection to the defendant as administratrix of the estate of Fred Ceschiat, within four months after the date of her appointment as such administratrix.

"Plaintiff states that the representations, statements and conduct of the said Thomas E. Hicks were false and were deliberately and deceitfully made for the purpose of preventing him from filing his claim for allowance or rejection with the defendant as administratrix of the estate of Fred Ceschiat within four months of the date of her appointment and that said representations, statements and conduct constituted a fraudulent scheme design and plan to deprive the plainitff of his legal rights.

"Plaintiff further states that on or about April 27, 1959, he employed George Ruble, Jr., to represent him in his claim for damages for bodily injury and property damage resulting from the accident occurring on May 5, 1958, as herebefore described; that on April 27, 1959, which was within the period of nine months of the date of the appointment of the defendant as administratrix of the estate of said Fred Ceschiat, notice of the claim of the plaintiff against the estate of Fred Ceschiat, deceased, was given in writing to the defendant, Anna R. Ceschiat, administratrix of the estate of Fred Ceschiat, deceased, by letter addressed to her lawful agent, Thomas E. Hicks, Shelby Mutual Insurance Company, 1337 West Fifth Avenue, Columbus, Ohio, and that thereafter said claim was rejected on the ground that it had not been filed within the time required by law and was barred.

"Plaintiff further states that his action is one for the recovery of a claim that would not be affected by the insolvency of the estate of Fred Ceschiat, deceased, for the reason that the policy issued by the Shelby Mutual Insurance Company of Shelby, Ohio, heretofore described, provided among other things, that the bankruptcy or insolvency of the insured Fred Ceschiat or the insured's estate should not relieve said Shelby Mutual Insurance Company of any of its obligations thereunder."

For a more complete discussion of somewhat akin problems reference is made to our opinion of this day in the case of *Wanda Simmons, Plaintiff, v. Don L. Bartley, Administrator of the Estate of Clyde Bartley, Deceased, Defendant,* No. 198,187, CP 86 Ohio Law Abs., 321.

In our opinion the language herein should be stricken.

In the first place, as we concluded in the *Simmons case,* any presentment to the insurance company is not a presentment to the administrator within the purview of Section 2117.06, Revised Code.

Here again, reliance is had by counsel for the plaintiff on the case of *In re Estate of Howe,* 107 Ohio App., 361. Assuming that the pleaded facts herein would constitute a "wrongful act or statement on the part of the executor or administrator or his attorney," within the purview of paragraph (B) of Section 2117.07, Revised Code, it is important to note that this is not, as was the *Howe case,* an action in the *Probate Court* between the four month period and the nine month period for authorization to file a late presentation with the administrator, but instead is an action brought in the Common Pleas Court almost a full year after the appointment of the administrator. Thus, the key language of Section 2117.07, Revised Code, applicable herein, is the language that:

"* * *

"A claim which is not presented within nine months from the appointment of the executor or administrator shall be forever barred as to all parties, including devisees, legatees, and distributees and no payment shall be made nor any action maintained thereon, except as otherwise provided in Sections 2117.37 to 2117.42, inclusive, Revised Code, with reference to contingent claims. * * *"

The only exception contained therein has reference to "contingent claims." This, of course, is not a "contingent claim." *Pierce* v. *Johnson*, 136 Ohio St., 95.

In our opinion, this case is not distinguishable from the case of *In re Estate of Tomko*, 77 Ohio Law Abs., 313. As we pointed out in our opinion in the *Simmons case* this day, the *Tomko case* is distinguishable from the *Howe case* in that the *Howe case* involved an application to the Probate Court for permission to file a late presentment after the four months but before the nine months. In this connection, some of the language here involved alleges that plaintiff employed an attorney "on April 27, 1959, which was within the period of nine months of the date of the appointment of the defendant as administratrix," and that on that date a notice of claim was filed against the estate by letter addressed to the insurance agent. Even assuming that the letter had been addressed directly to the administratrix instead of to the insurance agent on April 27, 1959, such would have been of no avail. Instead, the proper action at such time should have been to file with the Probate Court a petition or application for permission to "reinstate" the claim under the provisions of Section 2117.07, Revised Code. This, of course, is what was done in the *Howe case*.

In any event, and regardless of what could or should have been done, we are now met by the plain and unequivocal language of Section 2117.07, Revised Code, above quoted, to the effect that a claim which is not presented "shall be forever barred."

In the *Simmons case*, we overruled a demurrer to the petition on the ground that since the petition was filed only thirty-four days after the appointment of the administrator and since it alleged, in effect, that the recovery of the claim would not be affected by the insolvency of the estate (see paragraph [C] of Section 2117.30, Revised Code), such suit was permitted under the provisions of that statute. Section 2117.30, Revised Code, however, has application only to suits brought within the period of nine months from the time of the appointment of the executor or administrator. In the instant case, the administratrix was appointed on October 27, 1958, and the

petition filed in this court on October 23, 1959, after the expiration of said nine months.

While this same issue, of course, could have been raised by a demurrer to the petition, we nevertheless conclude that the language in question is irrelevant. See *Beacon Mutual Indemnity Company* v. *Stalder*, 95 Ohio App., 441, discussed in more detail in our opinion in the *Simmons case*, where the issue was determined in substantial part by the action of the trial court in striking certain language from the pleadings.

The motion of the defendant to strike from the petition, and each branch thereof, is sustained. Entry may be prepared accordingly, reserving exceptions.