FORTELKA, PLAINTIFF-APPELLANT, *v.* MEIFERT, ADMX. ET, DEFENDANT-APPELLEE.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 26395.   Decided October 17, 1963.

*Mr. John M. Drain*, for plaintiff-appellant.
*Messrs. Davis & Young, Mr. Rees H. Davis, Jr.*, of counsel, for defendant-appellee.

SKEEL, C. J. This appeal comes to this court from a judgment entered against the plaintiff in the Municipal Court of Bedford. The plaintiff alleges in her petition that she was injured as a result of an automobile collision, the automobile in which she was a passenger being struck by an automobile driven by Gustave F. Meifert. It is alleged that Gustave F. Meifert died February 6, 1961, and this action "is brought against Naomi I. Meifert as administratrix of the estate of said decedent." The collision in which plaintiff alleges she sustained injury because of the alleged negligence of Gustave F. Meifert occurred August 6, 1960. Plaintiff's petition was filed June 21, 1961. The defendant's appointment as administratrix of her husband's estate was March 23, 1961. Service of summons (mail service) was returned on June 24, 1961, and the defendant, thereafter, requested and was granted at least one leave to move or plead. A demurrer was filed by defendant challenging the sufficiency of the petition which was sustained by the court and an amended petition was filed on June 2, 1962. This petition, in addition to the facts set out in the first petition, alleges that the action comes within the exception of subparagraph (C) of Section 2117.30, Revised Code, which provides that actions shall not be brought against the executor or administrator by a creditor or other person interested in the estate until nine months after the appointment of such fiduciary "except in the following cases: * * *

"(C) For the recovery of a claim that would not be affected by the insolvency of the estate."

The defendant filed a demurrer to the amended petition, claiming (1) The court is without jurisdiction of the person of the defendant; (2) There is a defect of parties defendant; (3) This action was not brought within the time limited by law for the commencement of such actions; (4) The amended petition does not state facts sufficient to constitute a cause of action.

The brief filed in the trial court by the defendant urged only two of the grounds as those upon which she relied in presenting her demurrer. We will, therefore, conclude that the

grounds not presented in the brief were abandoned. The defendant claims that the manner in which paragraph (C) of Section 2117.30, Revised Code, is pleaded states a conclusion of law, and should, therefore, be disregarded. This claim is not well taken and is overruled.

The remaining contention is concerned with the question of whether or not the filing of a petition in court setting forth a cause of action on a claim of negligence against the estate of the deceased, which claim, under the facts as alleged in the petition, will not be affected by the insolvency of the estate, and which claim is based upon facts occurring prior to the decedent's death, together with the summons and a copy of the petition of said action being served upon the administratrix within four months of her appointment is, in fact, a compliance with the requirements of Section 2117.06, Revised Code.

Section 2117.06, Revised Code, requires that all creditors having claims against an estate (including those based on tort) must present their claims to the executor or administrator in writing (with some exceptions not important here) within four months of the fiduciary's appointment. Each claim must set forth the address of the claimant. In the absence of any prior demand for allowance, the executor or administrator shall allow or reject all claims (with some exceptions) within thirty days. Failure to allow or reject such claim does not prevent such fiduciary from doing so thereafter nor does it prejudice the rights of the claimant under Section 2117.11, Revised Code. If a claim is rejected, the rejection must be in writing and, by the provisions of Section 2117.12, Revised Code, in case of rejection, suit must be brought by the claimant on such claim within two months of such rejection, otherwise the claim is forever barred. The provisions of Section 2117.07, Revised Code, as it was before its amendment, effective August 9, 1963, is not applicable here.

The trial court held, as shown by the journal filed for journalization September 1, 1962, in part:

"* * * The court finds amended petition is demurrable and further finds that it erred in ruling upon demurrer to the original petition in holding that said petition, as such, constituted substantial compliance with Section 2117.06, Revised Code; that

said petition and amended petition now before the court are also defective for failure to disclose fact and date of appointment of fiduciary defendant. It is ordered that demurrer to amended petition be and is hereby sustained. O. S. J."

The court was clearly in error in holding that the failure to plead the date of the appointment of the administratrix affected the sufficiency of the petition in stating a cause of action. The petition alleges that Naomi I. Meifert is sued as the administratrix of the estate of Gustave F. Meifert, now deceased. The petition charges that during his lifetime he caused plaintiff's injury by certain acts of negligence. The defendant, after being served with summons, was, upon her request, granted leave to move or plead. While the petition might have been subject to motion to make definite and certain by setting forth the date of the appointment of the administratrix, it was not subject to demurrer upon this claim of the defendant.

We, therefore, address our attention to the single claim remaining—that is whether or not the filing of an action against the administratrix where summons is served upon her as provided by law, together with a copy of the petition in which the address of the plaintiff is clearly set out and the facts upon which the action is based are pleaded, all of which took place prior to the four month period for filing a claim after the appointment of this defendant, it being further alleged that the action comes within the exception of subparagraph (C) of Section 2117.30, Revised Code, and constitutes a compliance with the requirements of Section 2117.06, Revised Code, as above set out.

Our attention has been called to the case of *Benson, Admx.* v. *Rosine*, 76 Ohio App., 439, 64 N. E. (2d), 845, where the court held in the first and third paragraphs of the syllabus:

"1. The filing of a cross-petition for a money judgment in an action by an administrator is not a presentation of the asserted claim to the administrator as required by Section 10509-112, General Code (Section 2117.06, Revised Code), and Section 10509-113, General Code, even if it is filed within four months, of the appointment of the administrator.

"* * *

"3. A cross-demand in an action by an administrator may

be pleaded as a defense to the extent it may be deemed to compensate the claim sued upon by the estate even though it has not been presented to the administrator for allowance.''

The action was one based on a claimed balance due under a contract between the defendant and the decedent. The cross-petition was for the return of some part of the payments made under the contract alleging non-performance, in part, by the decedent. The court, in sustaining the demurrer, as indicated above, held that the filing of the cross-petition before the period for filing claims against the estate had passed (four months from the appointment of the administrator) did not comply with Section 10509-112, General Code (Section 2117.06, Revised Code), and that the cross-petition did not state a cause of action without alleging compliance with such statutory requirement. However, the court, as indicated, held that such holding ''did not dispose of the problem.'' The court then said, in effect, that while the allegations of the amended cross-petition were not available to him as an independent action seeking an independent judgment against the estate, it could stand as an affirmative defense to all or any of plaintiff's claims to the extent that one would offset the other. The court bases its decision on Section 2309.16, Revised Code, which, in part, provides that when cross-demands have existed between persons under such circumstances that if one had brought an action against the other, a counter-claim or set-off could have been set up, neither can be deprived of the benefit thereof by assignment by the other or by his death. The two demands must be deemed compensated so far as they equal each other. The case of *In re Estate of Butler*, 137 Ohio St., 96, 28 N. E. (2d), 186, is cited which, in part, holds that defenses are not barred by the statute of limitations, and cross-demands must be deemed compensated as soon as they mature insofar as they are equal to each other.

The *Benson case*, insofar as it seems to hold that a cross-petition seeking a judgment against the estate of the deceased filed in a case instituted by the administrator, which cross-petition was filed and served on such fiduciary prior to the expiration of four months from the day of his appointment, was not, in fact, a presentation of a claim as required by Section 2117.06, Revised Code, is, in part, distinguishable from the case

now before us in that facts were not alleged to bring the case within the provisions of subparagraph (C) of Section 2117.30, Revised Code.

The case of *National-Ben Franklin Fire Ins. Co.* v. *Woolcott*, 86 Ohio App., 462, 93 N. E. (2d), 31, is also cited as supporting the judgment of the trial court. From page 464 of the opinion, it is not made clear at what period of time the cross-petition was filed—that is whether before or after the expiration of the four month period for presenting claims against the estate.

The cases of *In re Estate of Sarver: Conrad* v. *Sarver*, 97 Ohio App., 199, 124 N. E. (2d), 749, *Robinson* v. *Engle*, 96 Ohio App., 238, 120 N. E. (2d), 611, and *Beacon Mutual Indemnity Co.* v. *Stalder*, 95 Ohio App., 441, 120 N. E. (2d), 743, are also cited in support of defendant-appellee's claims that the filing of an action prior to the expiration of the four month period within which period claims may (must) be filed against an estate under administration and causing summons to be served, accompanied by a copy of the petition where the date of service is prior to the expiration of the four month period, complies with the requirements of Section 2117.06, Revised Code. The *Conrad* and *Robinson cases* do not consider this question. They hold that a petition is not sufficient which does not allege notice or presentment of the claim as provided by either Section 2117.06, Revised Code, or Section 2117.07, Revised Code. The petitions in these cases were undoubtedly filed after the four month period had expired. The judgment in each case follows the rule as set out in *Beach* v. *Mizner, Executor*, 131 Ohio St., 481, 3 N. E. (2d), 417. The *Beacon Mutual Indemnity case* is concerned with the question of whether or not notice of a claim against the estate given to an insurance agent who, under the insurance contract between the decedent made during his lifetime and the insurance company, is authorized and has, under the insurance contract, the sole right to negotiate a settlement of a tort claim against the decedent or his estate, is a sufficient presentation of the claim under Section 2117.06, Revised Code. The case holds that such notice and presentation of the claim to the decedent's insurance agent does not satisfy the statute.

Note should be made of the fact that effective September

16, 1957, Section 2309.16, Revised Code, was amended providing the right of a defendant in an action for wrongful death or for injuries to person or property filed by an executor or administrator, to file a counter claim based on and arising out of the transaction set forth in the petition. No provision is made for presenting such claim under Section 2117.06, Revised Code. The cases cited requiring such written demand in asserting such counter claim are, therefore, overruled. It must also be noted that should the right to file a petition against an estate be denied a claimant until his claim has been presented and refused or referred to a referee under Sections 2117.06 to 2117.12, inclusive, Revised Code, the period of time within which his right to file his action under the applicable statute of limitations might expire and his right to bring an action barred while bound by the provisions of Section 2117.30, Revised Code. The conflict in these sections, and those conflicting with other statutes of limitations, was, in part, recognized by the legislature as shown by the amendment of Section 2117.07, Revised Code, effective August 9, 1963, by adding to said section the following paragraph:

"Nothing in this section or in Section 2117.06, Revised Code, shall reduce the time mentioned in Section 2305.10, Revised Code, provided that no portion of any recovery on a claim brought pursuant to such section shall come from the assets of an estate unless such claim has been presented against the estate in accordance with Chapter 2117, Revised Code."

This amendment must be interpreted to mean that an action can be brought against the fiduciary of an estate without presentation where the claim is covered by insurance which requires the insurance company to pay any liability admitted or established by suit regardless of the death of the insured. It is also apparent that a distinction was made between a liability covered by insurance and one that is not. The provisions of this amended section establish the public policy of the state on the right to bring action against a fiduciary in some cases and although its provisions were not effective until after this action was filed by the plaintiff, a court in considering questions of like character should not disregard the purpose to be accomplished when the amendment becomes effective. Nor

should a court by interpretation add to or increase the conflict clearly found in these sections.

In the case of *Simmons* v. *Bartley, Admr.*, 86 Ohio Law Abs., 321, 177 N. E. (2d), 77, the Court of Common Pleas of Franklin County had for consideration facts almost identical with those of the case here being considered. The second headnote provides:

"2. The institution of a suit against an administrator, within four months of his appointment, causing summons to be issued on such administrator, together with a copy of the original petition, in an action for the recovery of a claim that would not be affected by the insolvency of the estate, and therefore, not within the prohibition against bringing suits against the administrator within the nine months period after his appointment, constitutes a substantial compliance with the provisions of Section 2117.06, Revised Code, as a presentation of a claim to the administrator."

We are in complete accord with the holding in this case and, therefore, hold that the court was in error in sustaining the defendant's demurrer.

The judgment is reversed and the cause remanded with instructions to overrule the demurrer and for further proceedings according to law.

SILBERT and ARTL, JJ., concur.

## MEMORANDUM

No. 26395.  Decided October 23, 1963.

SKEEL, C. J.  This court, on its own motion (sua sponte) finds that its decision in this case is in conflict with the decision of the Court of Appeals of Lucas County (Sixth Appellate District) in the case of *Benson, Admx.* v. *Rosini*, 76 Ohio App., 439, 64 N. E. (2d), 845 (decided June 11, 1945), and on that ground certifies our record to the Supreme Court to resolve the conflict.

In certifying the case for conflict, it is my purpose to state a proposition of law clearly presented by the undisputed facts

of this case. It is my conclusion that the filing of the action against the administratrix and completing service of summons as required by law, which included delivery to her of a copy of the petition within four months of her appointment as such fiduciary, constituted a presentation of the plaintiff's claim against the estate of Gustave F. Meifert as required by Section 2117.06, Revised Code.

Section 2117.06, Revised Code, is, in a sense, a statute of limitations, sometimes designated as a non claim statute. Its requirements are that one who claims to be a creditor or has a claim against an estate must present his claim in writing within four months of the appointment of the executor or administrator, with some exceptions noted in the statute dealing with taxes. In the absence of any prior demand, the administrator or executor (except claims for taxes) shall allow or reject all claims within thirty days after presentation, provided, however, that the failure of the fiduciary to allow or reject such claim does not prevent him from doing so thereafter nor shall such failure of the fiduciary to act on a presented claim within the thirty day period prejudice the rights of any claimant. It is clearly evident that the thirty day provision for allowing or rejecting a claim is not a mandatory requirement imposed upon the executor or administrator. Such being the rule of law especially set out by the statute, the matter of affording the fiduciary, in such case, the privilege of rejecting a claim before action is brought is without legal foundation. In fact, if action could not be brought until after rejection by the executor or administrator, he could purposely relieve the estate of legal liability of some claims by refusing to act until the claim or action is barred by the statute of limitations. Certainly under the amendment to Section 2309.16, Revised Code, providing the right to file a cross-petition to an action by an executor or administrator without mentioning the requirement of presenting such claim in a wrongful death or negligence action, is clearly provided and under the amendment to Section 2117.07, Revised Code, effective August 9, 1963, providing that the provisions of Section 2117.06, Revised Code, shall not reduce the time mentioned in Section 2305.10, Revised Code (Statute of Limitations for bodily injury and property damage) in some cases,

indicates a legislative purpose to resolve some of the conflict and confusion created by the statutes dealing with the presenting of claims against an estate. The attempt to read into the notice of claims statutes (Section 2117.06, Revised Code), limitations not found in the section or to attempt to require a particular method of notice not set out in the statute, cannot be justified on any legal ground.

The conflict of rights and confusion of interests created by these statutes should not be increased by judicial decision. All that Section 2117.06, Revised Code, requires is written notice of the claim wherein the address of the complainant is set out. There can be no doubt that filing a petition in an action wherein all the statutory requirements of a notice of a claim are set out violates no rights of the fiduciary and fulfills every requirement of notice.

The great weight of authority supports this conclusion. In 34 Corpus Juris Secundum, 159, Executors and Administrators, Section 396, "Effect of Suit on Claim," it is said:

"Although there is authority to the contrary, it has been held that the commencement of a suit and its continuous prosecution obviates the necessity of presentation; * * *."

There are a number of citations under this statement of the applicable law on page 160.

In 21 American Jurisprudence, 577, Executors and Administrators, Section 345, it is said that the institution of a suit against an executor or administrator is generally considered a sufficient presentation of the claim of the plaintiff to take it out of a statute of non claim, especially where a copy of a verified complaint, containing all of the averments required in a regularly presented claim, is served on the fiduciary within the terms prescribed. There are no requirements in Section 2117.06, Revised Code, that are not fully met by the contents of plaintiff's petition filed in this case.

This view of the effect of filing a cause of action against an executor or administrator is sufficient to constitute a presentation of a claim against an estate, if filed within four months of the fiduciary's appointment as provided by Section 2117.06, Revised Code, is the view of the writer of this memorandum in which the others members of the court hearing the case do not join.

A journal entry may be entered ordering this case certified as in conflict with *Benson, Admx.* v. *Rosine,* 76 Ohio App., 439, 64 N. E. (2d), 845.