BAKER *v.* FARISH, ADMX., ET AL.

[Cite as Baker v. Farish, 1 Ohio Misc. 1.]

(No. 58645—Decided July 2, 1964.)

ACTION FOR WRONGFUL DEATH:  Court of Common Pleas, Clark County.

*Messrs. Frayne, Balzer, Warren & Andreoff,* for plaintiff.

*Messrs. Thomas J. Veskauf* and *James M. Gorman,* for defendants.

GOLDMAN, J.  This matter is before the Court on motion for summary judgment filed by the defendant administratrix, one of two defendants in this action.  This motion was filed pursuant to stipulations arrived at during pre-trial conference and was submitted to the court upon the affidavits, depositions and briefs filed by the parties involved.

The undisputed facts are as follows:

On July 20, 1962, an accident occurred which is the subject

matter of this action. The accident involved plaintiff, driver of one vehicle, and defendant's decedent, the driver of the other vehicle. Decedent died as a result of that accident.

On August 7, 1962, the defendant was appointed administratrix of decedent's estate. No claim for damages on behalf of plaintiff was ever presented or filed with the defendant administratrix.

On September 21, 1963, more than 13 months after the appointment of the defendant as administratrix, the plaintiff filed his petition in this court, joining as co-defendant the administratrix and the company alleged to have been decedent's employer at the time of the accident.

As late as August 8, 1963, Section 2117.06, Revised Code, required the filing of claims such as the instant one within four months after the appointment of the administrator. After the expiration of such four-month period, upon proper application, the Probate Court could authorize such presentment by claimant under certain conditions. Section 2117.07, Revised Code, authorized a claimant to present his claim to an executor or administrator, following the expiration of four months, if the Probate Court, among other things, found "(b) that the claimant's failure to present his claim was * * * *due to any wrongful act or statement on the part of the executor or administrator* or his attorney." (All emphasis in this opinion by the court.)

Moreover, this section also provided that "a claim which is not presented within *nine months* from the appointment of the executor or administrator *shall be forever barred as to all parties*, including * * *, except * * * with reference to contingent claims."

Thus, as of August 8, 1963, exactly one year had elapsed following the appointment of the defendant as administratrix without plaintiff either presenting his claim to the defendant or asking for leave to do so, and without filing suit.

However, on August 9, 1963, Section 2117.07, Revised Code, as amended, became effective. The quotations from the previous statute above cited were continued into the amended section, but one pertinent change was made in the following added paragraph:

"Nothing in this section or in Section 2117.06 of the Revised Code shall reduce the time mentioned in Section 2305.10 of the

Revised Code, provided that no portion of any recovery or claim brought pursuant to such section shall come from the assets of an estate unless such claim has been presented against the estate in accordance with Chapter 2117. of the Revised Code.''

This added paragraph obviously provided that when recovery from a tortfeasor was to be satisfied from insurance and would not consume any of the assets of a decedent's estate, in such event the two-year statute of limitation for bringing an action for injury to person or property, as provided for by Section 2305.10, Revised Code, would apply and would not bar an action, notwithstanding the requirement of presentment of claim to the administrator within at least nine months from the date of appointment of the administrator, as above set forth.

This amended section became effective August 9, 1963, over one year following the date of the appointment of the defendant as administratrix.

Thereafter, on September 21, 1963, the present action was instituted.

It seems clear that, had the petition been filed in this court on August 8, 1963, prior to the effective date of 2117.07, Revised Code, as amended, the action would have failed, because it would have been ''forever barred'' for failure to have filed *anything* within nine months, either with the administrator, the Probate Court, or by suit in this court.

The principal issue thus presented by this motion for summary judgment is whether or not the amended section, effective more than one year following appointment of defendant as administratrix, revived plaintiff's cause of action previously ''barred forever'' so that plaintiff may now proceed with this action on condition only that he satisfy any recovery from the decedent's insurer and not from the assets of his estate.

Defendant administratrix in her answer pleaded the bar as appearing in 2117.07, Revised Code, both before and after amended. Plaintiff in his reply seeks to avoid the effect of said bar by asserting the fact of alleged insurance and by his further claim that, in any event, he was deceived and lulled into inactivity by reason of representations fraudulently made by a representative of the *alleged insurer* to the effect that plain-

4

tiff's claim would be taken care of. Plaintiff contends that these fraudulent representations estop defendant administratrix from taking advantage of the statute of limitation.

Most of the argument in briefs filed by the parties is directed to the effect of the savings clause added in Section 2117.07, Revised Code,. as amended, upon plaintiff's cause of action against the defendant administratrix.

The court has examined the citations referred to in the briefs of counsel, as well as the affidavits, depositions and exhibits offered by both parties in support of their respective positions.

The initial issue to be considered, therefore, is, what effect, if any, did amended Section 2117.07, Revised Code, have on plaintiff's cause of action against defendant administratrix.

As previously pointed out, Section 2117.07, Revised Code, both before and after amendment, expressly provides that a claim not presented within nine months from the appointment of the administratrix "shall be forever barred as to all parties," and further provides that "no payment shall be made *nor any action maintained thereon.*" It is difficult to conceive language any clearer or more sweeping in its intended effect.

Was plaintiff's action which was "forever barred" as of August 8, 1963, and for which no suit could have been maintained at least as of that date, revived by the savings clause in the amended section, so that plaintiff may now pursue his action against defendant administratrix notwithstanding it was "forever barred," on condition only that he satisfy any recovery against decedent's alleged insurer?

Plaintiff would answer this question in the affirmative, and would seem to contend that, while 2117.07, Revised Code, before amended clearly stated that any claim after nine months not presented should be *forever barred,* nevertheless the court should judicially interpret and amend that section by adding thereto the following proviso: "unless this section is any time hereafter amended or repealed before the two-year statute of limitation expires."

Sections 2117.06 and 2117.07, Revised Code, have been held to be statutes of limitation or non-claim statutes which bar creditors' claims unless presented to an executor or administrator within four months after the date of appointment, or unless on

proper showing are permitted to be presented by the Probate Court after four months but *no later than nine months after the appointment of the administrator.* The requirements of these statutes have always been considered to be mandatory, to the extent that they could not be waived even by the administrator himself. See *Beach* v. *Mizner,* 131 Ohio St. 481, and *Prudential Ins. Co. of America* v. *Joyce Building Realty Co.,* 143 Ohio St. 564.

It should be noted that Section 2117.07, Revised Code, as now amended *lengthens and stretches* the nine-months statute of limitation expressly provided by it, to the full two-year statute of limitation provided for by Section 2305.10, Revised Code, for actions involving injury to person or property, provided only that any recovery in that event not be satisfied from the assets of the estate. Nevertheless, it is still necessary, even under the statute as amended, for the defendant administratrix to be sued as party defendant, and for defendant's decedent to have been found legally responsible for the tort which is the subject of this action, for the liability of an insurer depends in the first instance upon the liability of the insured.

In view of the sweeping language of 2117.07, Revised Code, which *bars forever all claims against all parties* and *expressly prohibits any action to be maintained thereon,* it is difficult to understand how the remedy now pursued can escape that bar provided by the section. In the opinion of the court, plaintiff is not pursuing a new remedy as is urged in his behalf in seeking to effect recovery against an insurer, but instead seeks the benefit of the same remedy previously provided for but now lengthened and stretched under certain circumstances therein provided for.

Can a claim already "barred forever" *as to all parties,* and upon which no action can be maintained, be revived so that suit now can be brought before the two-year statute of limitation has expired?

An examination of the authorities would indicate that this can not be done.

"It is well settled in other jurisdictions and it is *recognized in Ohio* that the Legislature has the power to increase the period of time necessary to constitute a limitation and also make it applicable to existing causes of action, *provided such*

**6**

*change is made before the cause of action is extinguished under the pre-existing statute of limitations.*" See 34 Ohio Jurisprudence (2d) 492, Section 8. See also 67 A. L. R. 303, and 34 American Jurisprudence 35, Section 29. "The overwhelming weight of authority favors the view that one who has become released from a demand by the operation of the statute of limitations is protected against its revival by a change in the limitation law." See 34 American Jurisprudence 37, Section 33.

There are a great number of cases which uphold or recognize the validity of statutes enlarging the period of limitation as to *existing causes of action,* that is, causes of action not barred by the original limitation period. See 79 A. L. R. (2d) 1082. (Ohio is noted as among jurisdictions so holding.)

Thus, had the statute as amended become effective *before* nine months after the appointment of the defendant administratrix and had claim not yet been barred forever, plaintiff could *then* have claimed the benefit of the Act as amended and probably could have waited until just prior to the expiration of the two-year limitation provided for in Section 2305.10, Revised Code, to file suit, because on the effective date of the amended statute the plaintiff would then still have had an existing cause of action and the amended statute would have given him the increased benefit he now seeks.

This court finds, however, that plaintiff's claim had already been "barred forever" on the date the amended statute came into effect, and therefore he may not now proceed against the defendant administratrix, because of his failure to present his claim on time or to file suit as provided for by Sections 2117.06 and 2117.07, Revised Code.

Plaintiff, however, seeks to avoid the possible effect of the statute of limitations by claiming fraud on the part of agents of the insurer, which he contends operates to estop this defendant from taking advantage of the statute of limitations. This claim is to be found in plaintiff's reply, and an examination of the reply indicates that the fraud claimed, if any, is alleged to have been practiced by a claims manager of an insurance company and his successor, who allegedly represented to the plaintiff that they were acting as agents of the defendant administratrix. However, in his affidavit contra the motion for

summary judgment and submitted in support of this allegation of fraud, plaintiff conspicuously fails to specify any act or statement on the part of the defendant administratrix herself by which she could be estopped from asserting the statute of limitations. In that affidavit plaintiff claims only that he has not had time to establish as a fact that which he therein alleges on suspicion and belief, notwithstanding the fact that defendant pled the defense of the statute of limitations on December 9, 1963, and the reply setting up the allegation of fraud was filed by the plaintiff himself on January 6, 1964, and *his* affidavit above referred to was not filed until March 30, 1964, almost three months later. See also pages 28, 29, 32 and 35 of plaintiff's deposition for further clarification of his allegations of fraud.

The effect of negotiations with an insurance company and statements or acts by said insurance company or by its agents upon an administrator has been considered in a great number of cases. All of the reported decisions are to the effect that dealing with an insurance company or its agents does not constitute dealing with the administrator. See *Simmons* v. *Bartley,* 86 Ohio Law Abs. 321; *Wilcox* v. *Ceschiat,* 87 Ohio Law Abs. 225.

Particular attention is directed to the case of *In re Estate of Eugene R. Tomko* (77 Ohio Law Abs. 313), 3 O. O. (2d) 371. The syllabus from that case reads as follows:

"1. No action can be maintained against the estate of the deceased on a claim for damages sustained in an automobile collision where the claim has not been filed within nine months from the appointment of the administrator.

"2. The paragraph in Section 2117.07, Revised Code, dealing with the nine months provision has no exceptions, except those dealing with contingent claims.

"3. Where the claimant alleges that his failure to present his claim within the statutory time was due to a series of negotiations between claimant and counsel for an insurance company, *the acts complained of do not constitute wrongful acts or statements on the part of the executor or his attorney.*"

In the instant case we have allegations of fraudulent representation made by insurance agents contained in plaintiff's reply, coupled with vague speculation in plaintiff's affidavit to the effect that it may be possible eventually to establish that

defendant administratrix was in some way associated with such fraudulent representations. In the opinion of the court this is not a sufficient reason to justify plaintiff's opposition to defendant's motion for summary judgment. In the absence of any allegation containing probative or relevant proof that representations by any insurance agents were the statements or acts of agents of the defendant administratrix herself, or were authorized or ratified by such administratrix, the latter would not be bound by anything said by such insurance agents.

It would appear, therefore, upon consideration of the entire record in this case, that there is no genuine issue as to any material fact, and that reasonable minds could come to but one conclusion, and that conclusion is adverse to plaintiff.

The defendant, therefore, is entitled to summary judgment in her favor.

In a supplemental memorandum filed by the parties, the court's attention was directed to the recent case of *Fortelka* v. *Meifert*, 93 Ohio Law Abs. 1. The second syllabus of that case is as follows:

''The institution of a suit against an administrator, within four months of his appointment, causing summons to be issued on such administrator, together with a copy of the original petition, in an action for the recovery of a claim that would not be affected by the insolvency of the estate, and therefore, not within the prohibition against bringing suits against the administrator *within the nine months period after his appointment,* constitutes a substantial compliance with the provisions of Section 2117.06, Revised Code, as a presentation of a claim to the administrator.''

This case may be authority for the proposition that the mere filing of a suit within four months after the appointment of an administrator, or the filing of such suit *within nine months* after the date of such appointment, may be substantial compliance with the requirement of the statute that a written claim be presented. The ruling in that case may have been applicable if suit in the instant cause had been brought within nine months after the appointment of the defendant administratrix without having first presented plaintiff's claim to the administratrix. However, in the instant case *no claim was ever pre-*

*sented nor was any suit ever filed within nine months* of such appointment. Hence the court is of the opinion that this case is not relevant to any of the issues herein involved.

*Motion granted.*