Weygandt, C. J.
 

 The defendant contends that the plaintiff’s petition is demurrable because it does not allege that the claim was presented to him as executor within four months after his appointment, as provided by Section 10509-112, General Code (114 Ohio Laws, 320), and contains no allegation to the effect that the plaintiff obtained leave from the Probate Court to file his claim for allowance, as provided by Section 105Ó9-
 
 *484
 
 134, General Code (114 Ohio Laws, 320). Subsection 112 reads as follows:
 

 “Creditors shall present their claims, whether due or not due, to the executor or administrator within four months after the date of his appointment. Such executor or administrator shall allow or reject all claims, except contingent claims, within thirty days after their presentation. Any claim presented after the time herein provided shall not prevail as against bona fide purchasers or as against executors and administrators who have acted in good faith, or against a surviving spouse who has made the election to take under the will or at law, and except as to negotiable instruments maturing subsequent to the expiration of such time, any such late claim shall not prevail as against bona fide distributees.”
 

 Subsection 134 contains the following'language:
 

 “Upon petition filed by a creditor or person deriving title from him, whose claim has not been presented within the time prescribed by law, the probate court, if after notice to all interested parties and hearing, it is of the opinion that justice and equity so require, and that the petitioner is not chargeable with culpable neglect in failing to present his claim within the time so prescribed, may permit petitioner to file his claim for allowance, but such allowance shall not affect any payment or distribution made before the filing of such claim, nor shall it prejudice the rights of creditors, whose claims were filed within the time prescribed by law.”
 

 The important question here presented is whether these recent amendments are statutes of limitation (or non-claim statutes, as they are frequently designated). The difference of opinion between counsel starts with the very first sentence of subsection 112 which contains the definite mandate that “creditors
 
 shall
 
 present their claims,
 
 whether due or not due,
 
 to the executor or ad
 
 *485
 
 ministrator within four months after the date of his appointment.” Although the word “shall” is ordinarily accepted in its full coercive force, the plaintiff contends that in this instance it is mandatory merely to the extent of preventing a “late claim” from prevailing as against bona fide distributees, etc. To substantiate his view he relies upon the language of this subsection and upon the context. The defendant insists that these provisions effectuate the intention of the sponsors of this legislation to establish a definite non-claim statute in order to expedite the orderly and efficient administration of estates in Ohio. It is of course true that such intention cannot be regarded as conclusive nor even persuasive unless subsequently embodied in the language of the Legislature. This court is of the opinion that the simple wording here involved must be regarded as mandatory when viewed in the light of common acceptation. Reduced to its lowest terms, it unambiguously states that “creditors shall present their claims * * * within four months,” and no apparent purpose could be served by attempting to torture it into something else. It is at least interesting to now observe whether this view squares with the expressed intention of the sponsors of the act. On page 91 of the third report of the committee (Supplement to Ohio State.Bar Association Report, Yol. Ill, No. 13, June 24, 1930) appears this comment:.
 

 ‘ ‘ Under the present statutes there is no definite time within which claims of creditors must be presented, the only reference to the subject being in G-. C. 10741 to the effect that six months after his appointment the executor or administrator may pay the debts, without liability if creditors later presenting their claims are not paid in full. The new section provides a definite time within which claims are to be filed and gives certain preferences to creditors who present their claims within this limit. The section of this chapter on ‘Order
 
 *486
 
 in which debts to be paid’ likewise places as No. 6 in the list, ‘ Other debts as to which claims have been presented within four months after the. appointment of the executor or administrator,’ and includes as No. 7 on the list, ‘Debts due to all other persons.’ ”
 

 The defendant contends further that Subsection 134 sustains his view and would be utterly meaningless unless Subsection 112 is considered as a non-claim statute. He emphasizes the phrase “Reinstatement of barred claim” which appears as the heading for Subsection 134. However, research discloses that this is not the language of the Legislature. Nevertheless the history of this heading is unusual and interesting. Ordinarily when bills are introduced in the General Assembly they do not contain sectional headings, but in this instance the bar committee supplied the headings. However, they were elided by the Legislature during the process of enactment. Then they were restored by the Secretary of State in the performance of his duties under Section 162, General Code.
 

 What is the import of the language of Subsection 134? The plaintiff insists that it is merely permissive and provides simply an unexclusive method for the presentation of claims. The defendant is equally vigorous in his contention that this is interrelated with Subsection 112 and must be construed as providing the only procedure by which a creditor may file a “late claim” for allowance. A careful study of the act indicates that this is the logical view, especially if confusion is to be avoided and if this subsection is to serve any real purpose. Furthermore, no hardship should result from this construction inasmuch as the Probate Court is invested with a discretion sufficiently broad to insure the allowance of meritorious petitions and at the same time prevent unnecessary delay. Again this view seems to be consistent with the following
 
 *487
 
 comment appearing on page 94 of the third report of the bar committee:
 

 “This section gives to the court the power to reinstate a barred claim under certain circumstances.”
 

 Moreover, an examination of the first and second reports of this committee discloses nothing at variance with this expression.
 

 It is contended further by the plaintiff that the foregoing construction ignores the words “any claim presented after the time herein provided” appearing in Subsection 112. He insists that this phrase strongly implies the right to file a “late claim” without regard to Subsection 134. This court finds no basis for this view, but is of the opinion that this clearly refers simply to “late claims” filed upon the granting of a petition as provided in Subsection 134.
 

 Since the plaintiff failed to allege that his claim was presented within four months or later upon leave first obtained from the Probate Court, the judgment of the Court of Appeals must be affirmed.
 

 Judgment affirmed.
 

 Stephenson, Williams, Jones, Matthias, Day and Zimmerman, JJ., concur.