THE BEACON MUTUAL INDEMNITY CO., APPELLANT, *v.*
STALDER, JR., ADMR., APPELLEE.

(No. 4438—Decided April 21, 1954.)

*Mr. Fred J. Livingstone,* for appellant.
*Messrs. Smoyer & Smoyer,* for appellee.

DOYLE, P. J.  Section 10509-112, General Code (119 Ohio Laws, 394), provided for the presentation of the claims of creditors to the executor or administrator of the estate of a deceased person.  It was in part:

"All claimants shall present their claims to the executor or administrator *in writing,* including claims arising out of contract, out of tort, on cognovit notes or on judgments, whether due or not due, secured or unsecured, liquidated or unliquidated.  All claims shall be presented within four months after the date of the appointment of the executor or administrator."  (Emphasis ours.)

(With several changes the section now appears as 2117.06, Revised Code.)

Section 10509-134, General Code (now Section 2117.07, Revised Code), permitted a claimant, who had failed to present his claim within the period of time prescribed in the above Section 10509-112, General Code (now Section 2117.06, Revised Code), to petition the Probate Court for authority to present his claim to the administrator after the expiration of the four-month period.  The statute set forth specific grounds upon which the court could, pursuant to hearing, "authorize such claimant to present his claim * * *; provided, however, that a claim which is not presented within nine months from the appointment of the executor or administrator shall be forever barred as to all parties, including devisees, legatees and distributees, and no payment shall be made nor any action maintained thereon, except as otherwise provided in this chapter with reference to contingent claims."

In the appeal now under consideration, the question presented is whether the amended petition filed in the Municipal Court of Akron was sufficient to show that

the requirements of the above statute were met. If the petition made such showing, the court erred in striking the challenged paragraphs from the pleading and in sustaining a demurrer, and, upon a refusal to plead further, erred in dismissing the petition. If the petition was deficient in respect to showing a compliance with the statutes, the trial court did not err, and the judgment would have to be affirmed.

The statutes in question were what were known as "nonclaim" statutes—that is, statutes which required an act to be done as a prerequisite to the accrual of a cause of action; and the general rule as to such statutes is that all persons * * * are bound thereby unless excepted from their operation by a saving clause. *Breen, Admx.,* v. *Conn, et al., Exrxs.,* 64 Ohio App., 325, at pp. 327-328, 28 N. E. (2d), 684.

"* * * a petition * * * which does not allege that the claim has been so presented, does not state facts sufficient to constitute a cause of action." *Ibid.* And see: *Beach, Recr.,* v. *Mizner, Exr.,* 131 Ohio St., 481, 3 N. E. (2d), 417.

That a person having an unliquidated claim for damages arising out of tort is a "claimant" within the meaning of the statute cannot be seriously doubted. *Pierce* v. *Johnson, Exr.,* 136 Ohio St., 95, 23 N. E. (2d), 993, 125 A. L. R., 867.

We now proceed to examine the amended petition. It is stated in substance that The Beacon Mutual Indemnity Co., the plaintiff, had issued its policy of insurance, insuring one Denver C. Sampson against loss and damage to his automobile "by reason of its collision with other cars * * *." While Sampson was driving his automobile on a public highway, he came into collision with an automobile being operated by Christian H. Stalder, Sr., and it is claimed that the negligence of Stalder, Sr., proximately caused the collision and damage to his car. The petition further al-

leged that the plaintiff Insurance Co. paid to Sampson, under its policy of insurance, $814.28 (the amount of damage, minus a deduction of $50 under policy terms), and, consequently, ''has become subrogated to all rights, claims and causes of action which said Denver C. Sampson, its insured, has against defendant on account of the aforesaid collision and damage.'' The amended petition further alleged that the accident occurred on September 6, 1952, and that Christian H. Stalder, Jr., was appointed administrator of Christian H. Stalder, Sr.'s, estate on the 7th day of October, 1952.

The following two paragraphs are claimed by the appellant to satisfy the statute hereinbefore set forth regulating the presentation of the claim to the administrator:

''Plaintiff further says that at the time of the aforesaid collision and damage, defendant's decedent was insured by the General Accident, Fire and Life Assurance Corporation; that under the policy of insurance issued by said corporation, it agreed to defend defendant's decedent against suits alleging injury or destruction of property caused by accident arising out of the use of the automobile of defendant's decedent; that under said policy the corporation reserved the right to investigate and negotiate settlements of any suit or claim as it deemed expedient; that under said policy defendant's decedent agreed to notify the said corporation in case of accident.

''Plaintiff further says that shortly following the aforesaid collision and damage, defendant's decedent or his duly authorized agent notified said corporation through its Akron claims office of said accident; that said corporation's duly authorized claims manager undertook to investigate and commence negotiations relative to settlement of plaintiff's claim against defendant's decedent; that defendant's decedent, and, after his decease, defendant, authorized and acquiesced

in said manager's handling said claim as agent for defendant's decedent and defendant; that on or about the 29th day of January, 1953, plaintiff duly notified in writing said manager as agent for defendant of its claim; that said manager rejected its claim on or about the 23rd day of March, 1953.''

The appellant poses the following question:

''Whether the questioned portions of plaintiff's amended petition are irrelevant depends on whether an agent for an executor or administrator may receive presentment of claim required under Sec. 10509-112, General Code, on behalf of said executor or administrator. If an agent is permitted to receive presentment of claim, then the questioned portions of plaintiff's amended petition are relevant. If an agent is not permitted to receive presentment, then the questioned portions are irrelevant.''

We shall first examine two lines of the statute, which stated that ''All claimants shall present their claims to the * * * administrator in writing * * *.'' This means that the claims shall be presented by the claimant to a probate fiduciary, an officer of the Probate Court. When presented in writing to the fiduciary, it marks the beginning of a legal proceeding, without which, unless permitted under Section 10509-134, General Code (now Section 2117.07, Revised Code), the legal proceeding cannot be commenced, and the claim is forever barred. The presentation must be to the administrator in his capacity as an officer of the Probate Court, and not to the individual personally, and, consequently, a presentation of a claim to a so-called agent of the administrator falls outside of the requirements of the statute, because the functions of the office cannot be delegated to agents.

If the presentation of a claim to an agent of the administrator were permitted, then the legal proceeding would be begun upon such presentation and be-

fore knowledge of such fact was had by the officer of the court. The right to file a claim involves a question of time, and the purpose of the legislation to effect a speedy administration of estates would be defeated if the court's officer were compelled to delay the administration until he had received the report of his agent or his various agents. Furthermore, the fiduciary, personally, is accountable for the fixing of the time when a claim has been presented, and this responsibility cannot be delegated to an agent who does not owe the fidelity required of an officer of the court.

The statute places the burden upon the *claimant* to present his claim with the probate officer. If he fails to do so within the time provided, his rights are lost. There is no duty imposed upon the administrator in this respect, except to receive the written claim, and, in proper time, to officially act on it. This duty cannot be delegated to another.

It will be further observed that the so-called agent of the fiduciary undertook to reject the claim. Clearly, this act contravenes all laws regulating fiduciaries. More than 50 years ago, Spear, J., when speaking for the Supreme Court of Ohio, said:

"Without questioning the proposition that the execution of the trust reposed in the administrator to allow and reject claims cannot be delegated, it is manifest by this evidence that the attorney * * * was speaking for the administrator, and it is not the law that a trustee cannot act through an agent. Where he gives to the attorney instructions how to act, it is not a delegation of the trust, but a performance of it by the trustee acting through another." *Miller* v. *Ewing, Admr.*, 68 Ohio St., 176, at p. 184, 67 N. E., 292.

The learned judge applied a rule of long standing, and extant today, that when a fiduciary is given a power which requires the exercise of a personal discretion, such power cannot be delegated to another. However,

when the fiduciary has exercised the power of discretion, he may, through another, have it carried into execution under his direction. It is obvious that the claimed agent in the case here now for decision had no authority to reject the claim for the administrator.

Efficacy in the administration of estates requires the ruling here made. No other ruling would suffice.

Because the pleading failed to state a proper presentation of the claim under either Section 10509-112, General Code (now Section 2117.06, Revised Code), or Section 10509-134, General Code (now Section 2117.07, Revised Code), the paragraphs were properly stricken from the amended petition, and the demurrer was properly sustained.

(Nothing contained in this opinion is to be construed as in any way interpreting the provision in Section 10506-3, General Code [now Section 2109.03, Revised Code], which reads: "In the event that the fiduciary is absent from the state," the attorney for the administrator "shall be the agent of the fiduciary upon whom summonses, citations and notices may be served, and any summons, citation or notice may be served upon the fiduciary by delivering duplicate copies thereof to the attorney designated by him as aforesaid.")

*Judgment affirmed.*

STEVENS and HUNSICKER, JJ., concur.