In re Application of Braden, Registrar.*

(No. 8376—Decided December 23, 1957.)

*Mr. William Saxbe,* attorney general, *Mr. Hugh A. Sherer* and *Mr. C. Richard Marsh,* for appellant George C. Braden, Registrar.

*Mr. Irwin I. Aronoff,* for appellee Fred Youngblood.

Long, J.  In the Court of Common Pleas, George C. Braden, Registrar of Motor Vehicles, sought the suspension of the license of Fred Youngblood to operate his automobile for a period of one year, pursuant to Section 4507.40 of the Revised Code. Youngblood, appellee herein, moved to quash and dismiss the proceedings and, upon oral argument, the court below sustained said motion.  It is from this ruling that the registrar appeals. The contention of Youngblood is that said Section 4507.40, Revised Code, was passed as an emergency measure and that it was not passed in conformity with the Constitution of Ohio, Section 1*d* of Article II, and that, therefore, the Act is inapplicable to him inasmuch as the offenses charged against him occurred prior to the effective date of the statute.

Section 1*d* of Article II of the Ohio Constitution provides as follows:

---

*Appeal dismissed, 167 Ohio St., 548.

"* * * Such emergency laws upon a yea and nay vote must receive the vote of two-thirds of all the members elected to each branch of the General Assembly, and *the reasons for such necessity* shall be set forth in one section of the law, *which section shall be passed only upon a yea and nay vote, upon a separate roll call thereon.*" (Emphasis added.)

It is admitted by the Attorney General that the Senate voted only once on its committee report, and that, although the report received the necessary two-thirds vote, the Senate failed subsequently in any section of the bill, by two-thirds vote, to set forth the "reasons for such necessity" for the passage of the law as required by the Constitution. The Attorney General contends that it is not necessary for the Senate to pass specifically upon the "reasons for such necessity"; that the passage of a bill of necessity on the first reading implies a finding by the Senate of good "reasons for such necessity"; and that the language of the Constitution, requiring the setting forth of the "reasons for such necessity in one section of the law" is directory and not mandatory. With this reasoning, we can not agree.

The very purpose of this section of the Constitution is to protect the people in the exercise of the right of referendum. The language of the Constitution is clear on the point. It says: "The reasons for such necessity *shall* be set forth." (Emphasis added.) The word, "shall," does not suggest that the Senate may disregard the plain intendment of the Constitution. "Shall" means must.

We have read the decisions of Ohio on this subject and feel that the law is well settled in this field.

The Senate having failed in this clear demand of the Constitution, the judgment of the Court of Common Pleas is affirmed.

*Judgment affirmed.*

HILDEBRANT, P. J., and MATTHEWS, J., concur.