Griffith, J.
The question to he determined here is whether a petition in an action against an administrator, filed within four months of his appointment, which petition alleges facts occurring prior to the death of administrator’s decedent and constituting a cause of action on a claim against the estate, and that such claim would not be affected by the insolvency of the estate, but does not allege prior presentment of the claim to the administrator — and proper service of summons with a copy of the petition is made upon the administrator — is good against a general demurrer.
*478 Or the question presented may be alternatively stated: Does the commencement of an action against an administrator on a claim against the estate of administrator’s decedent, within four months of his appointment and accompanied by proper service of summons with a copy of the petition upon the administrator, constitute a valid “presentment” of such claim to the administrator and satisfy the requirements of Section 2117.06, Revised Code?
The determination of this question requires consideration of Sections 2117.06 and 2117.30, Revised Code.
Section 2117.06, Revised Code, in pertinent part provides:
“All creditors having claims against an estate shall present their claims to the executor or administrator in writing * * *. All claims shall be presented within four months after the date of the appointment of the executor or administrator * * *. Every claim presented shall set forth the claimant’s address.”
Section 2117.30, Revised Code, in pertinent part provides:
“No suit shall be brought against an executor or administrator by a creditor of the decedent or by any other party interested in the estate until nine months from the time of the appointment of such executor or administrator * * * except in the following cases:
i 6 * * #
“(C) For the recovery of a claim that would not be affected by the insolvency of the estate * * *.”
Section 2117.06 sets forth four requirements of creditors having claims against an estate, i. e., (1) presentment of the claim to the executor or administrator, (2) in writing, (3) within four months of the fiduciary’s appointment and (4) the setting forth of the claimant’s address in the claim.
In addition to those requirements, an additional requirement is imposed on plaintiff in the instant case, as a creditor, by the provision of subparagraph (C) of Section 2117.30, Revised Code, that no suit may be brought against an executor or administrator within nine months of the time of his appointment, except on a claim that would not be affected by the insolvency of the estate. Under the pleadings in this case, plaintiff has specifically brought herself within the exception of *479 Section 2117.30, and defendant in her brief in this court concedes that Section 2117.30 is not now involved. There remains for determination only the question of whether plaintiff has satisfied the requirements of Section 2117.06, Revised Code.
The amended petition states ‘ ‘ that she has become informed that Gustave F. Meifert died on or about the 6th day of February 1961, and this suit is therefore brought against Naomi I. Meifert, as administratrix of the estate of such decedent.”
True, the petition does not state the date of the appointment of the administratrix. However, the administratrix, in her brief, says:
“To narrow the issues presented herein, the defendant does not urge that the amended petition is defective for failure to disclose ‘the fact and date of appointment of the fiduciary defendant.’ The defendant was in fact duly appointed and qualified [less than four months before service on her of summons and a copy of the petition in the instant case] and, therefore, the defect, if any, is of form only and not of substance.”
It thus appears that the defendant in this case has waived any failure to allege the date of her appointment as fiduciary.
In Beach, Recr., v. Mizner, Exr., 131 Ohio St., 481, where the creditor failed to allege in his petition that the claim had been presented to the executor within four months after such appointment, that court held that such allegations were necessary.
In the instant case, the petition was filed and a copy thereof was served upon the administratrix within the four-month period. The admissions by defendant in her brief constitute a waiver of the need for allegations in the petition of the date and fact of appointment, which clearly distinguishes the two cases.
The purpose and object of the law requiring the presentation of claims against an estate to the executor or administrator is manifestly to secure an expeditious and efficient administration of an estate by promptly providing such a fiduciary with necessary information relating to the existence, amount and character of all indebtedness of the estate. Cheeseman, Admr., v. Kyle, 15 Ohio St., 15; Gerhold, Admx., v. Papathanasion, 130 Ohio St., 342.
*480 The petition in the instant case, accompanied by proper service of summons with a copy of the petition upon the administratrix, embraces all four of the statutory requirements of Section 2117.06, Revised Code, i. e., presentment, in writing, within four months of appointment, and claimant’s address, and thereby accomplished the legislative object and purpose of such statutory requirements. This constitutes the presentment of a “claim” within the meaning of Section 2117.06, Revised Code.
This court has held that the presentation requirement of Section 2117.06, Revised Code, is mandatory. Beach, Recr., v. Mizner, Admr., 131 Ohio St., 481; Prudential Ins. Co. of America v. Joyce Building Realty Co., 143 Ohio St., 564. Conceding the mandatory character of the requirement of presentment of claims to the executor or administrator, does it necessarily follow that the method of presentment contemplated by Section 2117.06 precludes another equally efficient method for the presentation of claims?
In 22 Ohio Jurisprudence (2d), 653, Section 293, it is stated:
“Since the law does not require a claimant or litigant to do a vain thing, the mandatory provisions of the statute requiring presentation in writing to the personal representative of claims against the estate he represents, are said to be quite uniformly softened and not enjoined when the application of such provisions would run contrary to reason and common sense. ’ ’
In 34 Corpus Juris Secundum, 159, Section 396, it is stated:
“Although there is authority to the contrary, it has been held that the commencement of a suit [against the administrator or executor] and its continuous prosecution operates as a presentation of a claim * *
In 21 American Jurisprudence, 577, Section 345, it is said:
“The institution of a suit against an executor or administrator is generally considered a sufficient presentation of the claim of the plaintiff to take it out of a statute of nonclaim, especially where a copy of a verified complaint, containing all the averments required in a regularly presented claim is served.”
*481 It is our conclusion that the facts of this case present circumstances which justify our determination that the filing of a petition in an action against an administrator, which sets forth a cause of action against the estate of the administrator’s decedent, within four months of his appointment as administrator and accompanied by service of summons and a copy of the petition upon the administrator, constitutes a valid presentation of plaintiff’s claim to the administrator and meets the requirements of Section 2117.06, Revised Code.

Judgment affirmed.

Taft, C. J., Matthias, O’Neill, Herbert and Gibson, JJ., concur.