[Cite as *In re Estate of Greer*, 197 Ohio App.3d 542, 2011-Ohio-6721.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

IN RE ESTATE OF GREER.       :       APPEAL NO. C-110255
                                      TRIAL NO. 2010001263

                                      :

                                      :       *O P I N I O N.*

Civil Appeal From: Hamilton County Court of Common Pleas, Probate Division

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: December 28, 2011

Joseph C. Kammer, for appellant, Mossy Greer.

**HILDEBRANDT, Presiding Judge.**

{¶ 1} Appellant, Mossy Greer ("Greer"), appeals the judgment of the Hamilton County Probate Court ordering her to seek a return of funds paid by the estate of Joan C. Greer or to reimburse the estate for the amounts paid.

### The Decedent's Debts and the Terms of Her Will

{¶ 2} In 2008, Joan C. Greer, the decedent, was suffering from dementia and other health problems. Because of the decedent's inability to care for herself, Greer was granted a general power of attorney to oversee the decedent's affairs. Pursuant to that power of attorney, the decedent was placed in Montgomery Care Center ("Montgomery"), where she remained until her death from a heart attack on December 9, 2008. While relatives were caring for the decedent's home, they engaged Mayers Electric Company ("Mayers") to perform work at the residence.

{¶ 3} On March 18, 2010, Montgomery filed an application for authority to administer the estate, seeking payment for its services to the decedent. On April 20, 2010, while Montgomery's application was pending, Greer was appointed executor of the decedent's will. Mayers filed a claim against the estate on June 2, 2010.

{¶ 4} Under the terms of the will, Greer was authorized "to compound, compromise, settle and adjust any and all claims and demands in favor of or against [the] estate." On September 17, 2010, the estate paid $22,000 to Montgomery and $948.93 to Mayer's Electric.

{¶ 5} The probate court sua sponte raised the question of the propriety, under R.C. 2117.06, of Greer's having satisfied the debts nearly two years after the decedent's death. Following a hearing, the court ordered Greer to seek reimbursement of the funds from Montgomery and Mayers or to reimburse the estate herself.

{¶ 6} In a single assignment of error, Greer contends that the trial court erred in holding that R.C. 2117.06 required reimbursement to the estate. Because the issue involves a question of law, we review the probate court's judgment de novo. See *Estate of Hersh v. Schwartz,* 1st Dist. No. C-100664, 2011-Ohio-3994, ¶ 7.

### Applicability of R.C. 2117.06 to Testate Succession

{¶ 7} R.C. 2117.06 governs the presentation of claims to an estate. R.C. 2117.06(B) provides, "Except as provided in section 2117.061 [2117.06.1] of the Revised Code, all

2

claims shall be presented within six months after the death of the decedent, whether or not the estate is released from administration or an executor or administrator is appointed during that six-month period." Subsection (C) states, "Except as provided in section 2117.061 of the Revised Code, a claim that is not presented within six months after the death of the decedent shall be forever barred as to all parties, including, but not limited to, devisees, legatees, and distributees. No payment shall be made on the claim and no action shall be maintained on the claim, except as otherwise provided in sections 2117.37 to 2117.42 of the Revised Code with reference to contingent claims."

{¶ 8} Despite the seemingly broad language concerning limitations on presentation, Greer contends that the restrictions apply only in cases of intestacy. According to Greer, when a will vests authority in the executor to pay the debts of the decedent, that authority supersedes the statutory limitations.

{¶ 9} We are not persuaded by this argument. First, the broad language of R.C. 2117.06 does not distinguish between those cases in which the decedent has died intestate and those in which the decedent has executed a will. And in light of the language of R.C. 2117.06(B) specifying that the six-month limitation applies whether or not "an *executor* or administrator is appointed," Greer's contention is untenable. (Emphasis added.)

### Tolling and the "Relation Back" Doctrine

{¶ 10} Nonetheless, Greer suggests that because she had not been appointed executor of the will until after the six-month limitation period had elapsed, the limitation period did not begin to run until the date of appointment.

{¶ 11} The Tenth Appellate District addressed this argument in a case with facts substantially similar to those in the case at bar. See *In re Estate of Curry,* 10th Dist. No. 09AP-469, 2009-Ohio-6571. In *Curry,* the decedent died in December 2007. Id at ¶ 2. In March 2008, the creditor nursing home sent notice of the debt to a relative who was eventually appointed as administrator. Id at ¶ 3. But that relative was not appointed as administrator until more than one year after the decedent's death. Id. at ¶ 10.

{¶ 12} *Curry* rejected the contention that because there had been no administrator appointed to process the claim, it had been impossible for the creditor to make a presentation within the six-month period. The court noted that in those cases in which an administrator is not appointed within six months of death, it is incumbent upon the creditor to procure the appointment of an administrator within the six-month period. Id. at ¶ 11, citing *Wrinkle v. Trabert* (1963), 174 Ohio St. 233, 188 N.E.2d 587, paragraph two of the syllabus. Thus, the court held, the claim ran afoul of the six-month limitation period of R.C. 2117.06. Id. at ¶ 16.

{¶ 13} But Greer also argues that despite the failure of the creditors to file the claims within six months of the decedent's death, her actual knowledge of the claims within that period rendered the claims timely.

{¶ 14} *Curry* also rejected the argument that the claim should "relate back" to the time when the administrator received actual notice of the debt. The court held that the doctrine of "relation back" applies to acts or transactions occurring previous to the appointment of an administrator only when the doctrine results in a benefit to the estate. Id. at ¶ 15, citing *Reid v. Premier Health Care Servs., Inc.* (Mar. 19, 1999), 2nd Dist. No. 17437, 1999 WL 148191, and *Wrinkle,* 174 Ohio St. 233.

{¶ 15} We find the reasoning of *Curry* to be persuasive and consistent with the general policy of assuring the "expeditious and efficient administration of the estate." *Reid.* Although Greer cites a number of cases for the proposition that the payments to Montgomery and Mayers were authorized by statute, the cases upon which Greer relies are inapposite to the case at bar. See *In re Estate of Centorbi,* 129 Ohio St.3d 78, 2011-Ohio-2267, 950 N.E.2d 505 (addressing mandatory payments to Medicaid under federal law and R.C. 2117.061); *Lifesphere v. Sahnd,* 179 Ohio App.3d 685, 2008-Ohio-6507, 903 N.E.2d 379 (addressing the statute of limitations under the fraudulent-conveyance statute).

{¶ 16} Accordingly, we hold that the six-month limitation period was not tolled in the instant case. And because the claims of Montgomery and Mayers did not inure to the benefit of the estate, those parties may not reap the benefit of the "relation back" doctrine. The claims of

4

Montgomery and Mayers were therefore not timely under R.C. 2117.06.

**Expenses of the Decedent's "Last Sickness"**

{¶ 17} Still, Greer argues that the Montgomery debt was excepted from the six-month limitations period because it was an expense for the decedent's "last sickness" under R.C. 2117.25(A)(5). She contends that because claims relating to last sickness are not among those claims expressly required to be presented under R.C. 2117.25(D)(1), the debt to Montgomery did not require presentation.

{¶ 18} R.C. 2117.25(A) classifies certain debts of the estate and prescribes the order in which those debts are to be paid. "Expenses of the last sickness of the decedent," under R.C. 2117.25(A)(5), are fifth in line among the listed expenses. R.C. 2117.25 does not address the issue of whether presentment is required.

{¶ 19} R.C. 2117.25(D)(1), though, does list certain expenses that must be presented, certain expenses that need not be presented, and other expenses that must be paid if the executor has knowledge of them, regardless of presentation. Expenses of the decedent's last sickness are not among those expenses listed in R.C. 2117.25(D)(1). According to Greer, the statute's silence with respect to expenses for last sickness indicates that presentation is not necessary.

{¶ 20} We find no merit in Greer's argument. We accept, for purposes of argument only, Greer's assertion that the expenses accrued during the decedent's entire stay at Montgomery constituted expenses of last sickness under R.C. 2117.25(A)(5). But the statute's silence with respect to expenses of last sickness cannot be read as an exemption from the time limitations set forth in R.C. 2117.06. Under Greer's construction of the statute, any item not specifically listed would be exempt from those limitations. Such a construction would fly in the face of the broad language of R.C. 2117.06(B), which provides that "all claims shall be presented within six months after the death of the decedent." Although the legislature apparently chose to emphasize that presentation is necessary with respect to certain claims against the estate, it did not thereby nullify the presentation requirement for those claims not listed.

5

## Constitutionality of R.C. 2117.06

{¶ 21} Finally, Greer argues that the statute limiting payments to creditors violates the decedent's rights under the Fourteenth Amendment to the United States Constitution as well as Article I, Section 1 of the Ohio Constitution, which protects the rights of citizens in "acquiring, possessing, and protecting property."

{¶ 22} Greer's argument is without merit. As this court has recognized, the "state has a strong interest in the administration of its citizens' estates. It has always been considered that the legislature which created the right to dispose of property by will * * * must be held to have unlimited authority to regulate the exercise of that right, including the course of administration the testator's property shall take when he dies testate." *In re Emery* (1978), 59 Ohio App.2d 7, 12, 391 N.E.2d 746, citing *Hane v. Kintner* (1924), 111 Ohio St. 297, 145 N.E. 326. Greer has thus demonstrated no deprivation of the decedent's constitutional rights, and we overrule the assignment of error.

## Conclusion

{¶ 23} We affirm the judgment of the probate court.

Judgment affirmed.

SUNDERMANN and FISCHER, JJ., concur.

6