**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Wilson v. Lawrence,* **Slip Opinion No. 2017-Ohio-1410.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2017-OHIO-1410

WILSON, APPELLEE, *v.* LAWRENCE, EXR., APPELLANT.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Wilson v. Lawrence,* **Slip Opinion No. 2017-Ohio-1410.]**

*Probate—R.C. 2117.06—Presentment of a claim—A claim against an estate must be timely presented in writing to the executor or administrator of the estate in order to meet the mandatory requirements of R.C. 2117.06(A)(1)(a), and under that subdivision, delivery of the claim to a person not appointed by the probate court who gives it to the executor or administrator fails to present a claim against the estate.*

(Nos. 2015-2081 and 2016-0180—Submitted January 11, 2017—Decided April 19, 2017.)

APPEAL from and CERTIFIED by the Court of Appeals for Cuyahoga County, No. 102585, 2015-Ohio-4677.

_____

**SYLLABUS OF THE COURT**

A claim against an estate must be timely presented in writing to the executor or administrator of the estate in order to meet the mandatory requirements of R.C. 2117.06(A)(1)(a), and under that subdivision, delivery of the claim to a person not appointed by the probate court who gives it to the executor or administrator fails to present a claim against the estate.

_____

**O'CONNOR, C.J.**

**{¶ 1}** In this consolidated appeal, we address whether a claimant seeking to file a claim against an estate meets the requirement of R.C. 2117.06(A)(1)(a) to "present" a claim "[t]o the executor or administrator in a writing" when the claimant delivers the claim to someone who has not been appointed by a probate court to serve as the executor or administrator of the estate. We hold that the claimant does not meet the statutory requirement, and, accordingly, we reverse the judgment of the Eighth District Court of Appeals.

**RELEVANT BACKGROUND**

**{¶ 2}** Joseph T. Gorman entered a contract with appellee, James A. Wilson, to purchase a 15 percent interest in Marine 1, L.L.C., for $300,000. Gorman died on January 20, 2013. At the time of Gorman's death, he owed Wilson $187,000 on the contract.

**{¶ 3}** On July 1, 2013, the Cuyahoga County Probate Court opened Gorman's estate. That same day, the probate court appointed appellant, William Lawrence, as the executor of Gorman's estate, pursuant to Gorman's will. The probate court's docket showed that the estate's counsel was Joseph A. Goldsmith.

**{¶ 4}** On July 11, 2013, Wilson's attorney sent one letter addressed to both Gorman's personal secretary, Patricia Clark, and Gorman's accountant and the trustee of his trust, Randall Myeroff. Although that letter was addressed to Clark and Myeroff, not to Lawrence or Goldsmith, the letter purported to present

Wilson's claim for approximately $200,000 to the executor of Gorman's estate. Wilson intended the letter as the presentment of his claim to the estate, but he did not send the letter to Lawrence or to Goldsmith. According to the record, however, Clark forwarded the letter to Goldsmith on the day she received it and Myeroff forwarded the letter to Goldsmith and Lawrence soon after he received it.

{¶ 5} On September 24, 2013, Goldsmith informed Wilson's attorney that he was aware that the attorney had sent a letter to Clark and Myeroff on Wilson's behalf. But Goldsmith asserted that the "mailing of [Wilson's] claim to the trustee of the decedent's trust and to his executive assistant are insufficient to effectuate the filing of an appropriate claim" and informed Lawrence that the "claim will not be considered as it was not presented to the Executor of the Estate in accordance with the Ohio Revised Code."[1]

{¶ 6} On November 14, 2013, Wilson brought suit against Lawrence, as executor of Gorman's estate, in the Cuyahoga County Common Pleas Court, alleging that Gorman breached the contract. After discovery, the estate and Wilson moved for summary judgment. The trial court judge expressly found that the letter was sent to "two individuals who were not in fact personal representatives of the decedent's estate" and thus that the letter was not legally sufficient, under R.C. 2117.06, for presenting Wilson's claim. The trial court granted the estate's motion for summary judgment and denied Wilson's motion.

{¶ 7} On Wilson's appeal, the Eighth District framed the issue before it as whether Wilson timely presented his claim against the estate in accordance with R.C. 2117.016. 2015-Ohio-4677, 49 N.E.3d 826, ¶ 15. After suggesting that Ohio courts have softened the standard for presenting claims under R.C. 2117.06, *id.* at ¶ 19, the appellate court concluded that Ohio law permits a claim against an estate

---

[1] The letter also stated that the period for claims against Gorman's estate had ended six months after Gorman's death, on July 20, 2013.

to be deemed presented when "other individuals connected with the estate receive the claim," *id*. at ¶ 22. According to the appellate court, "the fact that Wilson's claim was forwarded to the estate attorney and the executor by a third party, who w[as] connected with the decedent, is of no consequence." *Id.* The appellate court rejected Lawrence's "strict interpretation of R.C. 2117.06," i.e., "that the claim be directly presented to the administrator" of the estate. *Id.*

{¶ 8} Lawrence successfully moved the Eighth District to certify a conflict between its judgment in his cause and the Fourth District Court of Appeals' decision in *Jackson v. Stevens*, 4th Dist. Scioto No. CA 1231, 1980 WL 350961 (Jan. 24, 1980). We recognized that conflict and asserted jurisdiction over Lawrence's discretionary appeal from the Eighth District's judgment. 145 Ohio St.3d 1420, 2016-Ohio-1173, 47 N.E.3d 165; 145 Ohio St.3d 1421, 2016-Ohio-1173, 47 N.E.3d 166.

## ANALYSIS

{¶ 9} We begin with the language of the controlling statute, R.C. 2117.06:

(A) *All creditors having claims against an estate*, including claims arising out of contract, out of tort, on cognovit notes, or on judgments, whether due or not due, secured or unsecured, liquidated or unliquidated, *shall present their claims* in one of the following manners:

(1) *After the appointment of an executor or administrator and prior to the filing of a final account* or a certificate of termination, in one of the following manners:

(a) *To the executor or administrator in a writing * * *.*

(Emphasis added.)

**{¶ 10}** Our initial inquiry in considering the statute is to determine whether it is ambiguous.

**{¶ 11}** "It is a cardinal rule of statutory construction that where the terms of a statute are clear and unambiguous, the statute should be applied without interpretation." *Wingate v. Hordge,* 60 Ohio St.2d 55, 58, 396 N.E.2d 770 (1979), citing *Provident Bank v. Wood*, 36 Ohio St.2d 101, 304 N.E.2d 378 (1973). "If [the statute] is ambiguous, we must then interpret the statute to determine the General Assembly's intent. If it is not ambiguous, then we need not interpret it; we must simply apply it." *State v. Hairston*, 101 Ohio St.3d 308, 2004-Ohio-969, 804 N.E.2d 471, ¶ 13, citing *Sears v. Weimer*, 143 Ohio St. 312, 55 N.E.2d 413 (1944), paragraph five of the syllabus ("An unambiguous statute is to be applied, not interpreted"). "When the statutory language is plain and unambiguous, and conveys a clear and definite meaning, we must rely on what the General Assembly has said," *Jones v. Action Coupling & Equip., Inc.,* 98 Ohio St.3d 330, 2003-Ohio-1099, 784 N.E.2d 1172, ¶ 12, citing *Symmes Twp. Bd. of Trustees v. Smyth,* 87 Ohio St.3d 549, 553, 721 N.E.2d 1057 (2000), and give effect only to the words the legislature used, making neither additions to, nor deletions from, the statutory language. *See Columbia Gas Transm. Corp. v. Levin,* 117 Ohio St.3d 122, 2008-Ohio-511, 882 N.E.2d 400, ¶ 19.

**{¶ 12}** The statute is not ambiguous. The General Assembly's mandate in R.C. 2117.06(A) is a clear and unequivocal command that "all creditors * * * shall present their claims * * * to the executor or administrator in a writing." The language unambiguously states that all creditors *shall* present their claims in writing to the executor or administrator, "and no apparent purpose could be served by attempting to torture it into something else," *Beach v. Mizner*, 131 Ohio St. 481, 485, 3 N.E.2d 417 (1936).

**{¶ 13}** " 'Shall' means must." *Application of Braden*, 105 Ohio App. 285, 286, 148 N.E.2d 83 (1st Dist.1957). *See also Dorrian v. Scioto Conservancy Dist.*,

27 Ohio St.2d 102, 107, 271 N.E.2d 834 (1971), citing *Cleveland Ry. Co. v. Brescia*, 100 Ohio St. 267, 126 N.E. 51 (1919) ("The word 'shall' is usually interpreted to make the provision in which it is contained mandatory, * * * especially if frequently repeated"). And "[t]he word 'must' is mandatory. It creates an obligation. It means obliged, required, and imposes a physical or moral necessity." *Willis v. Seeley*, 68 N.E.2d 484, 485 (C.P.1946). Thus, we repeatedly have recognized that use of the term "shall" in a statute connotes a mandatory obligation unless other language evidences a clear and unequivocal intent to the contrary. *State ex rel. Cincinnati Enquirer v. Lyons*, 140 Ohio St.3d 7, 2014-Ohio-2354, 14 N.E.3d 989, ¶ 28. Here, there is absolutely no indication in the statutory scheme that the General Assembly meant "shall" to mean anything other than "must."

{¶ 14} R.C. 2117.06's requirement for presenting claims against an estate is a mandatory part of the state's legislative scheme, *Fortelka v. Meifert*, 176 Ohio St. 476, 480, 200 N.E.2d 318 (1964), that fosters the expeditious and efficient administration of estates, *id*. at 479, citing *Gerhold v. Papathanasion*, 130 Ohio St. 342, 345, 199 N.E. 353 (1936). *See also Vitantonio, Inc. v. Baxter*, 116 Ohio St.3d 195, 2007-Ohio-6052, 877 N.E.2d 663, ¶ 11 (O'Donnell, J., dissenting). It is well settled that the " 'state has a strong interest in the administration of its citizens' estates,' " *In re Estate of Greer*, 197 Ohio App.3d 542, 2011-Ohio-6721, 968 N.E.2d 55, ¶ 22 (1st Dist.), quoting *In re Emery*, 59 Ohio App.2d 7, 12, 391 N.E.2d 746 (1st Dist.1978), and we assume that the General Assembly's commands in the statutory scheme were intended to be met with strict compliance. Wilson's contention that substantial compliance with R.C. 2117.06(A) should be permitted is unpersuasive because "a statute or rule that uses the word 'shall' in describing an act to be performed is not generally susceptible of a 'substantial compliance' standard of interpretation." *Lyons* at ¶ 28. And Wilson identifies no other language

6

in the statute that would be evidence of a clear and unequivocal intent to overcome the mandatory nature of the presentment obligation.

{¶ 15} In reaching this conclusion, we recognize that the requirements of R.C. 2117.06 are not arbitrary ones that elevate form over substance. Rather, they protect the vital interests of the estate and its beneficiaries, as well as the estate's creditors, by ensuring the orderly, efficient, and legally proper administration of the estate by "a probate fiduciary, an officer of the Probate Court." *Beacon Mut. Indemn. Co. v. Stalder*, 95 Ohio App. 441, 445, 447, 120 N.E.2d 743 (9th Dist.1954); *see, e.g., Fortelka* at 479; *Beach*, 131 Ohio St. at 485, 3 N.E.2d 417.

{¶ 16} The Ninth District Court of Appeals has explained,

[A] presentation of a claim to a so-called agent of the administrator falls outside of the requirements of the statute, because the functions of the office cannot be delegated to agents.

If the presentation of a claim to an agent of the administrator were permitted, then the legal proceeding would be begun upon such presentation and before knowledge of such fact was had by the officer of the court. The right to file a claim involves a question of time, and the purpose of the legislation to effect a speedy administration of estates would be defeated if the court's officer were compelled to delay the administration until he had received the report of his agent or his various agents. Furthermore, the fiduciary, personally, is accountable for the fixing of the time when a claim has been presented, and this responsibility cannot be delegated to an agent who does not owe the fidelity required of an officer of the court.

*Stalder* at 445-446.

**{¶ 17}** "The statute places the burden upon the *claimant* to present his claim with the probate officer." (Emphasis sic.) *Id.* at 446. If a creditor fails through indifference, carelessness, delay, or lack of diligence to identify the administrator or executor, or to procure the appointment of one so that a claim can be presented, the law should not come to the creditor's aid. *Accord Reid v. Premier Health Care Servs. Inc.*, 2d Dist. Montgomery No. 17437, 1999 WL 148191, *5 (Mar. 19, 1999), citing *Wrinkle v. Trabert,* 174 Ohio St. 233, 236, 188 N.E.2d 587 (1963).

**{¶ 18}** Wilson also advances the Eighth District's notion that Ohio courts may permit a "softened standard" for presentment of claims under the statute. But no court has the authority to ignore plain and unambiguous statutory language. *State v. Craig*, 116 Ohio St.3d 135, 2007-Ohio-5752, 876 N.E.2d 957, ¶ 14, citing *Morgan v. Ohio Adult Parole Auth.*, 68 Ohio St.3d 344, 347, 626 N.E.2d 939 (1994). Moreover, the foundation of Wilson's theory of a softened standard does not support his argument.

**{¶ 19}** Wilson's claim focuses on language from our decision in *Fortelka*, in which we considered a narrow issue: whether the commencement of a personal-injury action against an administrator of a tortfeasor's estate, accompanied by proper and timely service of the summons and complaint upon the administrator, constituted a valid presentment of the claim to the estate administrator and satisfied the requirements of R.C. 2117.06. *Fortelka,* 176 Ohio St. at 477-478, 200 N.E.2d 318. We held that under those circumstances, timely service of the suit on the administrator of the estate satisfied R.C. 2117.06's presentment requirements and "accomplished the legislative object and purpose" of the statute. *Id.* at 480.

**{¶ 20}** In so holding, we quoted language that suggested that presentment requirements " 'are said to be quite uniformly softened' " if the application of the presentment requirements " 'would run contrary to reason and common sense.' " *Id.*, citing 22 Ohio Jurisprudence 2d, Section 293, 653 (1956). We concluded that the facts and circumstances in *Fortelka* justified a determination that the plaintiff

8

had complied with R.C. 2117.06, *id.* at 481, even though a dissenting opinion in that case suggested that R.C. 2117.06 required that a written claim be presented to the administrator before any suit against the estate could commence, *id.* (Zimmerman, J., dissenting). *See also Beach*, 131 Ohio St. at 487, 3 N.E.2d 417 (affirming the dismissal of a complaint against an estate because the plaintiff-claimant failed to allege that his claim had been timely presented to the estate). The facts and circumstances of *Fortelka* are notably distinguishable from the cause before us, however.

{¶ 21} Significantly for purposes here, counsel for the claimant in *Fortelka* identified and served the executor of the estate—not an individual lacking any authority over the estate—with the complaint. *See id.* at 476. Here, Wilson's counsel neither identified the executor nor presented the executor with the claim described in his letter to Clark and Myeroff.

{¶ 22} For these reasons, we hold that a claim against an estate must be timely presented in writing to the executor or administrator of the estate in order to meet the mandatory requirements of R.C. 2117.06(A)(1)(a), and under that subdivision, delivery of the claim to a person not appointed by the probate court who gives it to the executor or administrator fails to present a claim against the estate. Our holding is consistent with the lead opinion in the case with which the Eighth District reported a conflict, *Jackson v. Stevens*, to the extent that that decision held that a claim against an estate must be timely presented in writing to "the actual executor," 1980 WL 350961, *2. We, too, recognized a conflict between the Eighth and Fourth Appellate Districts. But upon further review, we find that the material facts presented in the two cases are sufficiently different, and we dismiss the conflict as improvidently certified.[2]

---

[2] According to the Fourth District, the creditor in *Jackson* "mistakenly sent notice of her claim to a third party, copies sent to the Executor, an attorney receiving no verification of the claim [sic]." 1980 WL 350961, *1. The creditor brought suit against "the supposed third party executor" but dismissed that suit when she learned of her error in naming an incorrect party as the executor. *Id.*

## CONCLUSION

**{¶ 23}** A claimant against an estate does not meet the requirement under R.C. 2117.06(A)(1)(a) to present a claim to the executor or administrator of an estate if the claimant delivers the claim to someone who has not been appointed by a probate court to serve as the executor or administrator of the estate. Accordingly, we reverse the judgment of the Eighth District Court of Appeals, and we remand the cause to that court to enter judgment in favor of Lawrence.

Judgment reversed<br>and cause remanded.

O'DONNELL, KENNEDY, FRENCH, FISCHER, and DEWINE, JJ., concur.

O'NEILL, J., dissents, with an opinion.

_____

**O'NEILL, J., dissenting.**

**{¶ 24}** Respectfully, I dissent.

**{¶ 25}** There is a simple procedure in Ohio law to permit creditors to present a claim to an estate to be paid. I would hold that appellee, James A. Wilson, sent his *written* claim in a manner reasonably calculated to get it *to* appellant, William Lawrence, the executor of the estate of Joseph T. Gorman, and that a jury could reasonably conclude that he satisfied R.C. 2117.06(A)(1)(a).

---

She then brought suit against the properly appointed executor but did so well after the statutory period set forth in R.C. 2117.06. In rejecting her claim that the latter suit had been dismissed improperly, the appellate court noted that "copies of the claim letters were received by the executor prior to the run of the" claim period permitted by R.C. 2117.06, but it also summarily, and inconsistently, noted "[a] timely claim to the actual executor is not present on the record below." *Id.* at *2. Thus, we do not find *Jackson* sufficiently clear on the facts to warrant the finding of a certified conflict for purposes of Article IV, Section 3(B)(4), Ohio Constitution, or S.Ct.Prac.R. 8.02, and we dismiss the conflict as improvidently certified. Moreover, the General Assembly amended the statute, Am.Sub.S.B. No. 115, 140 Ohio Laws, Part I, 248, 254-255 (effective October 14, 1983), three years after the Fourth District Court of Appeals decided *Jackson*. Because the Fourth District in *Jackson* interpreted a different version of R.C. 2117.06, that decision is not in conflict with the Eighth District's decision in this case.

{¶ 26} Wilson mailed a demand letter to Gorman's secretary, Pat Clark, on July 11, 2013. The salutation line directed the letter to the "heirs, administrators or executors of the Estate of * * * Joseph T. Gorman, deceased." Clark received the letter and immediately forwarded it to Joseph A. Goldsmith, the executor's attorney. Nothing in the record indicates the date on which Clark received the letter or whether it was received by the executor before or after the July 20, 2013 deadline for presentment.

{¶ 27} Wilson also sent the letter to the trustee of Gorman's trust, Randall S. Myeroff. Myeroff received the letter on July 12, 2013, and he stated that he forwarded it to Goldsmith and Lawrence at or about that time. Again, nothing in the record indicates when Goldsmith or Lawrence received the letter or whether it was received by the executor before or after the July 20, 2013 deadline for presentment. For the purpose of ruling on Lawrence's motion for summary judgment, however, it is preposterous to conclude that the U.S. Postal Service somehow did not deliver the letter until more than eight days had passed. Reasonable minds simply cannot be expected to accept that scenario.

{¶ 28} R.C. 2117.06(C) bars a claim that is not presented within six months after the death of a decedent. R.C. 2117.06(A)(1) provides several ways by which creditors "shall present their claims." R.C. 2117.06(A)(1)(a) allows a creditor to present a claim "to the executor or administrator in a writing."

{¶ 29} The majority applies R.C. 2117.06 more rigidly than its plain language requires, holding that "[a] claimant against an estate does not meet the requirement under R.C. 2117.06(A)(1)(a) to present a claim to the executor or administrator of an estate if the claimant delivers the claim to someone who has not been appointed by a probate court to serve as the executor or administrator of the estate." Majority opinion at ¶ 23. With due respect to my colleagues, I believe that this holding contorts R.C. 2117.06 beyond its language. If a creditor *writes* a letter, which is directed in the salutation "*to* the executor," and the letter makes its way *to*

the executor prior to the deadline, how can we say that a claimant failed to properly present the claim without adding to the language of the statute?

{¶ 30} The statute does not set forth a specific delivery mechanism but merely requires delivery; it uses the word "present." As a verb, the word "present" means "to hand or pass over usu. in a ceremonious way: deliver formally for acceptance." *Webster's Third International Dictionary* 1793 (1986). The statute does not address the use of a third party to deliver a claim. Indeed, many courts have resolved a claim on the merits although it was first delivered to a person or an entity, such as the U.S. Postal Service, who was not appointed by a probate court as the executor or administrator of the estate. *E.g.*, *Cannell v. Bulicek*, 8 Ohio App.3d 331, 334, 457 N.E.2d 891 (8th Dist.1983). Would sending a written claim by FedEx or a private courier service fail the majority's rule? And if not, why not?

{¶ 31} I am further troubled by the rule adopted today because our case law does not support it. We have called the presentment requirement of R.C. 2117.06 "mandatory." *Fortelka v. Meifert*, 176 Ohio St. 476, 480, 200 N.E.2d 318 (1964). The word "mandatory" is not a talisman that the court can carry before it while adding to the statute that a claim letter must be addressed, mailed, or delivered in a specific way. Call a statute "mandatory," or require "strict compliance" with the law, but we must still require only that an individual comply with the requirements stated in plain English by the General Assembly. In *State ex rel. Cincinnati Enquirer v. Lyons*, 140 Ohio St.3d 7, 2014-Ohio-2354, 14 N.E.3d 989, we "recognized that use of the term 'shall' in a statute or rule connotes a mandatory obligation * * *." *Id.* at ¶ 28. We were nonetheless careful to point out that strict compliance requires following the specific words of the law in question. *Id.* at ¶ 29. I believe for that reason that the dichotomy between strict and substantial compliance in this matter is a false one. R.C. 2117.06 requires delivery of a written claim. It is both a statute of limitations and a notice statute. *Prudential Ins. Co. of Am. v. Joyce Bldg. Realty Co.*, 143 Ohio St. 564, 56 N.E.2d 168 (1944), paragraph

one of the syllabus. It is not jurisdictional. *In re Estate of Liggons*, 187 Ohio App.3d 750, 2010-Ohio-1624, 933 N.E.2d 1118, ¶ 26-28 (6th Dist.).

{¶ 32} The real question here—one the majority simply ignores—is whether it is reasonable to infer that the executor received the written claim within six months of Gorman's death. There is nothing in this record to demonstrate that he did not receive notice. And there is ample evidence to support the inference that he did. Following the logic of the majority, if a creditor comes to the office of an executor at lunch time and leaves a notice in the inbox on the desk of the executor's secretary, we would infer that the creditor has not complied with the statute. Must creditors now track down the executor on the seventh hole of the local country club and physically hand the claim to the executor to establish that the claim was "presented"? Is the majority now saying that, as a matter of law, the mailing of a letter through the U.S. Postal Service, eight days before the deadline, is a fatally flawed method of delivery? Lawyers across the state are going to be very interested in that interpretation of the law, particularly in a motion for summary judgment.

{¶ 33} This case is before us after summary judgment was granted. Thus, this court "must construe the evidence in a light most favorable to the party opposing the motion [for summary judgment]." *Johnson v. New London*, 36 Ohio St.3d 60, 61, 521 N.E.2d 793 (1988). "The inferences to be drawn from the underlying facts contained in the affidavits and other exhibits must be viewed in the light most favorable to the party opposing the motion, and if when so viewed reasonable minds can come to differing conclusions the motion should be overruled." *Hounshell v. Am. States Ins. Co.*, 67 Ohio St.2d 427, 434, 424 N.E.2d 311 (1981). There is testimony in the record before us that the letter was forwarded to the executor on or around July 12, 2015, and it is reasonable to infer from that fact that it arrived less than eight days later and before the deadline on July 20, 2013. Given the paucity of evidence submitted with Lawrence's motion for summary judgment establishing whether and when the letter arrived to the executor

SUPREME COURT OF OHIO

or his attorney, Wilson is entitled to take that factual question, and the rest of his case, to a jury. For the purpose of a summary-judgment analysis, there is no question that reasonable minds could readily accept the inference that delivery to the executor was made. And to be perfectly clear here: where is the affidavit from the executor proclaiming to the world, "I did not get that claim!" I would suggest that it does not exist, which would allow a clear inference that he did receive the claim.

**{¶ 34}** R.C. 2117.06 requires that a creditor "present" a claim "to" the executor of an estate "in writing" within six months of the death of the decedent, or the claim is forever barred. I would hold that a creditor satisfies the statute by accomplishing delivery of a claim in any manner reasonably calculated to get it "to" the executor of an estate. And I would give Wilson the benefit of that rule in this matter. To hold otherwise is to elevate form over substance.

**{¶ 35}** Respectfully, I dissent.

_____

Ulmer and Berne, L.L.P., James A. Goldsmith, and Matthew T. Wholey, for appellant.

Triscaro & Associates, Ltd., and Joseph J. Triscaro, for appellee.

_____

14